## Commonwealth v. Howard

*Larry Howard,* for Commonwealth.
*In Propria Persona*

TREDINNICK, *J.*, October 30, 1981—Defendant was convicted by a jury of criminal attempt to commit the crime of escape. He was sentenced on April 21, 1976 to not less than three nor more than seven years incarceration, consecutive to any sentence theretofore imposed: The Superior Court affirmed: Com. v. Howard, 248 Pa. Superior Ct. 246, 375 A. 2d 79 (1977). Subsequently, on August 8, 1978, he filed a P.C.H.A. petition alleging incompetency of trial counsel in not preserving as an issue the question of whether he could properly be convicted of attempted escape where the only indictment charged him with escape. The petition was

dismissed without a hearing, and on appeal the Superior Court affirmed.

The present motion asserts that the sentence imposed ought to be reconsidered and modified because of "the following mitigating circumstances": (1) the sentence was based upon an inaccurate criminal record; (2) the sentencing judge failed to state on the record his reasons for the sentence imposed, and (3) the sentence was excessive, considering the conviction was for attempted escape rather than escape.

We will consider the petition to be the equivalent of a P.C.H.A. petition. It consists of a petition and a letter to the trial judge which is attached and is apparently intended to be supplemental thereto. So considered, the petition presents pure questions of law, and may be disposed of without a hearing.

Defendant's first contention is that the sentence was imposed based upon an inaccurate criminal record. He does not directly indicate what the inaccuracy was, but a careful review of the petition and supplement thereto, considered as a whole, makes it clear that he is referring to the fact that a prior conviction for assault and battery with intent to kill, *inter alia,* was reversed after the sentence in this case was imposed.[1] However, on re-trial, defendant was again convicted.[2] Therefore, consideration of the original conviction in imposing the sentence in the present case, proper at the time, has been validated, as it were, by the subsequent conviction on re-trial.

The record discloses that the sentencing judge did not state his reasons for imposing the sentence

---

1. Item (1) of the letter supplement to petition.
2. Item (3) of the letter supplement to petition.

on the record. The sentence was imposed on April 21, 1976, prior to the enunciation of that requirement: Com. v. Riggins, 474 Pa. 115, 377 A. 2d 140 (1977).

Finally, defendant contends that since he received almost the maximum sentence that could be imposed for *escape,* and yet was convicted only of *attempted escape,* the sentence must have been illegal. Section 905(a) of the Crimes Code, 18 Pa.C.S.A. §905(a), however, quite clearly provides that : "Except as otherwise provided in this section, *attempt,* solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted . . ." The exception does not affect the crime of escape. Thus, whether the offense is escape or attempted escape, the crime is a felony of the third degree,[3] and the sentence of three to seven years was legal.[4]

Accordingly, the following is entered.

## ORDER

And now, October 30, 1981, the motion is dismissed.

---

3. Per 18 Pa.C.S.A. §5121(d)(1)(i), since defendant was at the time of his attempted escape ". . . detained on a charge of felony or following conviction of crime . . ."

4. If the petition were considered as a simple petition for reconsideration and modification of sentence addressed to the discretion of the court, a similar result would obtain as such motions must be filed within 10 days of imposition of sentence, and must be acted upon within 30 days of sentence: Pa.R.Crim.P. 1410, and comment thereto, Com. v. Lee, 278 Pa. Superior Ct. 609, 420 A. 2d 708 (1980).