420 A.2d 708

**COMMONWEALTH of Pennsylvania**

v.

**James R. LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed June 13, 1980.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

On December 8, 1975, appellant, James R. Lee, plead guilty to burglary and theft of movable property. Lee was sentenced to six years probation. On January 23, 1979, he received and signed a written notice that he was in violation of his probation. Lee appeared before the trial court on March 19, 1979, waived a preliminary probation violation hearing, and proceeded with his probation violation hearing. At that time, Lee stipulated to his probation violations. At the conclusion of that hearing, the court determined Lee was in fact in violation of his probation and proceeded to revoke his probation and to sentence him to imprisonment for not less than one year nor more than three years. On March 23, 1979, Lee filed a timely motion for modification of sentence,[1] and a hearing was scheduled for April 2, 1979. Subsequently, the hearing was continued until May 15, 1979. Lee filed a notice of appeal on April 18, 1979. On April 19, 1979, the sentencing court issued an order revoking the rescheduled hearing and stating the appeal rendered the petition moot.

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. Pa.R.Crim.P. 1410.

Initially, we must discuss the procedural posture of this case to determine if we may consider Lee's argument that his sentence is excessive. Pa.R.Crim.P. 1410 requires the filing of a motion for modification of sentence as the initial step to raise the argument or issue here advanced. This was done, but a hearing was not held on the motion prior to the appeal being filed, and no order denying the motion was entered.

The filing of a motion pursuant to Pa.R.Crim.P. 1410 and the fixing of a hearing do not toll the time for filing an appeal from the judgment of sentence, and the failure of the trial court to vacate the sentence or take other action within the thirty–day appeal period and the filing of an appeal have the same effect as a denial of the motion.[2] Comment, Pa.R.Crim.P. 1410. Hence, in effect, a proper motion raising the issue of the excessiveness of the sentence was filed and denied in the trial court. Accordingly, the issue is properly preserved for review.

Lee contends the sentencing court abused its discretion by imposing a sentence that was harsh and excessive under the circumstances. Imposition of sentence under the Sentencing Code, 18 Pa.C.S.A. §§ 1301 *et seq.* (1973), is a matter vested in the sound discretion of the trial court whose determination will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). The constraints placed upon the trial court in the exercise of its discretion are that it must not overlook pertinent facts, disregard the force of evidence, commit error of law, or inflict punishment exceeding that prescribed by statute. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978).

Here the record reveals the sentencing court thoroughly considered the facts and circumstances of the crime

2. Lee argues only that we should consider the issue of the excessiveness of the sentence. He does not seek a remand for a hearing on his motion and did not allege facts in his motion which would necessitate a hearing. The Commonwealth merely addresses the excessiveness of the sentence issue.

and Lee's background and character. *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). *Commonwealth v. Martin*, supra. The court received and reviewed all the evidence available and considered Lee's special circumstances. See *Commonwealth v. Cater*, 402 Pa. 48, 166 A.2d 44 (1960), *cert. denied*, 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238 (1961). Finally, the court imposed a sentence less than that allowed by statute[3] and announced its reasons for doing so.[4]

Since the court properly considered all relevant factors in its imposition of sentence, we do not find an abuse of discretion by the sentencing court.

Judgment of sentence affirmed.

---

**3.** Lee's sentence of one to three years imprisonment falls well within the twenty-year maximum for burglary, a felony of the first degree. 18 Pa.C.S.A. § 3502.

**4.** The sentencing court filed an opinion stating its reasons for the sentence imposed following the mandates of Pa.R.A.P. 1925 and *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).