450 A.2d 47

**COMMONWEALTH of Pennsylvania**

v.

**Joseph VILLALOZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1981.

Filed Aug. 27, 1982.

Petition for Allowance of Appeal
Denied Dec. 6, 1982.

519

Douglas M. Johnson, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

Appellant was charged with Criminal Conspiracy,[2] Criminal Attempt[3]—Theft of Movable Property, Possessing Instruments of Crime,[4] and Burglary.[5]  Appellant pled guilty to Burglary and Criminal Conspiracy, and the Common-

2.  18 Pa. C.S.A. § 903.

3.  *Id.* § 901.

4.  *Id.* § 907.

5.  *Id.* § 3502.

wealth nol prossed the other charges. On February 13, 1981, Appellant was sentenced to imprisonment for a period of two and one-half to ten years. Ten days later, Appellant filed a Motion to Withdraw Guilty Plea and/or Petition for Reconsideration of Sentence. After a hearing on March 20, 1981, the lower court denied both motions.[6] Appellant filed this appeal from the foregoing order on April 14, 1981.

Appellant presents two issues for our consideration. First, did the lower court err when it denied the motion to withdraw the guilty plea? Second, did the lower court impose an unduly harsh sentence?

■ In discussing his first issue, Appellant presents three reasons why the lower court should have allowed Appellant to withdraw his guilty plea. First, Appellant claims that he believed he would receive a lesser sentence if he pled guilty. After a careful review of the hearing transcript, we are convinced that this argument lacks merit. Appellant's second reason to withdraw the plea is that he did not enter the plea intelligently and voluntarily. Appellant answered every question and initialed every page of a comprehensive written colloquy. In addition, the court questioned Appellant to determine if his plea was knowing, intelligent, and voluntary. Thus, Appellant's second argument lacks merit. Finally, Appellant contends that his counsel refused to represent him in a jury trial if Appellant did not pay a fee of $1,000.00. Since Appellant is indigent, he could not pay the fee. This argument is devoid of merit since Appellant testified that his attorney agreed to represent him in a jury trial even if Appellant could not pay $1,000.00. After a thorough review of the record, we are convinced that Appellant knowingly, voluntarily, and intelligently entered his guilty plea. The lower court did not err in denying Appellant's motion to withdraw his plea.

■ As his second issue, Appellant contends that his sentence was unduly harsh. Appellant filed a motion for modification of sentence within the ten-day period designated by

6. See note 1, supra.

Pa. R. Crim. P. 1410. Appellant did not appeal to our court until the lower court denied the motion for modification of sentence. Thus, Appellant did not file an appeal until 60 days after the judgment of sentence.

Our court has held that " 'a petition for reconsideration does not extend the time for appeal from a judgment of sentence.' " *Commonwealth v. Thompson,* 277 Pa.Super.Ct. 267, 419 A.2d 765 (1980) (quoting *Commonwealth v. Wilkinson,* 260 Pa.Super.Ct. 77, 393 A.2d 1020 [1978] ). The failure of the lower court to act upon the petition for reconsideration within the thirty-day appeal period does not toll the thirty-day period within which an appeal from the judgment of sentence must be filed. *Commonwealth v. Lee,* 278 Pa.Super.Ct. 609, 612, 420 A.2d 708, 709 (1980). The lower court's failure to act upon the petition within the thirty-day period has the same effect as a denial of the motion. *Id.,* 278 Pa.Superior Ct. at 612, 420 A.2d at 709. Also, the Comment to Rule 1410 states:

> Under this rule, the mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both of the case or as to the sentence) within that period.

Because Appellant did not appeal from the judgment of sentence within the thirty-day period, Appellant's issue concerning the alleged excessiveness of the sentence has been waived.

■ We note that Appellant's appeal from the motion to withdraw the guilty plea was preserved because, under Pa. R.A.P. 343, the thirty-day period, within which to appeal from the denial of a challenge to a guilty plea, commences on the date of the order denying the motion. Since Appellant filed his appeal within thirty days of the denial of his challenge to the guilty plea, the issue concerning the guilty plea was not waived. As stated above, this issue lacks merit.

For the foregoing reasons, the order is affirmed.