478 A.2d 45

COMMONWEALTH of Pennsylvania

v.

**Durell HOSKINS, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1984.

Filed July 6, 1984.

Petition for Allowance of Appeal Denied Oct. 15, 1984.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, First Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, President Judge and CAVANAUGH, BROSKY, ROWLEY, McEWEN, TAMILIA and JOHNSON, JJ.

JOHNSON, Judge:

Following a counseled guilty plea to charges of aggravated assault[1] and carrying a firearm without a license,[2] appellant was sentenced to two and one-half to five years imprisonment on June 2, 1981. No direct appeal was taken, but on June 5, 1981 appellant filed a pleading with the trial court styled "Motion to Withdraw Plea of Guilty." The

1. 18 Pa.C.S. § 2702(a)(1).

2. *Id.* § 6106(a).

motion was denied on July 7, 1981, following a brief hearing.

On this appeal, filed July 22, 1981, appellant seeks review of five issues, all related to the attempted plea withdrawal and sentencing.[3] Because the appeal was not timely filed, the appeal will be quashed.[4]

The proper disposition of this appeal requires an examination of the pleading filed by appellant three days after sentencing and styled "Motion to Withdraw Plea of Guilty." The motion, in its entirety, sets forth the following:

### MOTION TO WITHDRAW PLEA OF GUILTY

AND NOW, comes the Defendant, DURELL HOSKINS, by and through his Attorneys, Evans, Johnson, Scarpitti, McCullough and Wittman, and hereby moves this Court to permit him to withdraw his previously entered plea of guilty in the above captioned matter, and in support thereof states:

1. The Defendant had previously entered a plea of guilty for the charges of aggravated assault and unlawful possession of a firearm at Information Number 1673 of 1980.

3. The first three issues all challenge the refusal of the trial court to permit guilty plea withdrawal on the grounds that (a) counsel failed to insure that the defendant understood the nature of the charges and failed to insure that the elements of the offenses were explained on the record in terms understandable to the defendant; (b) defendant's belief that a probationary sentence plea bargain had been arranged rendered his plea involuntary; and (c) counsel did not investigate the case, prepare a defense, or file a suppression motion. The fourth issue combines a claim of sentence excessiveness with failure to articulate the reasons for the sentence on the record. The fifth issue asserts ineffective assistance of counsel in failing to file a motion for reconsideration, given the allegations contained in the fourth issue.

4. This appeal was first argued before a three-judge panel of this court on June 8, 1983. Believing that the case raised a question concerning the proper interpretation of Pa.R.A.P. 343, it was scheduled for reargument before the court sitting en banc on March 12, 1984. The parties, on reargument, also addressed the issue of whether the appeal had been timely filed.

2. That plea was entered before the Honorable Judge Edward H. Carney in the Erie County Court of Common Pleas on January 13, 1981.

3. The Defendant was sentenced by Judge Carney on June 2, 1981.

4. The Defendant believes that the sentence imposed by this Honorable Court was excessive and unwarranted by any of the facts or circumstances of the case pending before the Court.

WHEREFORE, the Defendant respectfully requests this Court for permission to withdraw his previously entered plea and to list the case for trial during the next term of the Criminal Court of the Erie County Court of Common Pleas.

The first three numbered paragraphs of the motion contain nothing more than averments of fact relating to the history of appellant's case. The fourth and remaining numbered paragraph does not raise any issue concerning the voluntariness of the guilty plea, but merely avers that the *sentence* imposed was "excessive and unwarranted."

■ When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing,* a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. *Commonwealth v. Starr,* 450 Pa. 485, 490, 301 A.2d 592, 595 (1973); *see also, Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Siers,* 318 Pa.Super. 215, 464 A.2d 1307 (1983). In the petition before us, appellant alleges no facts, nor does he even set forth conclusions of law, which would in any way warrant a challenge to the validity of the guilty plea pursuant to Pa.R.Crim.P. 321.

■ Our reading of the "Motion to Withdraw Plea of Guilty" leads us to the conclusion advanced by the Commonwealth on this appeal. The pleading is in reality a claim addressed to the sentencing court centering solely on the excessiveness of the sentence. It follows that the motion brings before the sentencing court nothing more than a

motion to modify sentence, and must be viewed as having been filed pursuant to Pa.R.Crim.P. 1410.

We know that the headings prefixed to various parts of a statute shall not be considered to control but may be used to aid in the construction thereof. 1 Pa.C.S. § 1924. We also recognize that the title or headings prefixed to chapters of our civil procedural rules shall not be considered to control but may be used in the construction of such rules. Pa.R.C.P. 129. Although we have found no counterpart to Pa.R.C.P. 129 in the Rules of Criminal Procedure, we can think of no reason why a pleading which, by its averments, seeks to secure reconsideration of a sentence based on the claim of excessiveness of sentence should not be treated as a motion for reconsideration as provided by Pa.R.Crim.P. 1410. We are constrained to so treat the motion on this appeal.[5]

▮ An appeal to this court from a judgment of sentence must be filed within thirty days of its entry, Pa.R.A.P. 903(a), and such time limitations are to be strictly construed. *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978). In *Wilkinson*, we held that the appeal was not properly before us because a petition for reconsideration does not extend the time for appeal from a judgment of sentence. 260 Pa.Super. at 79, 393 A.2d at 1021. *Accord, Commonwealth v. Thompson*, 277 Pa.Su-

---

5. In the very brief hearing on the so-called Motion to Withdraw Guilty Plea, appellant, the only witness, (a) testified to the circumstances surrounding the shooting of the victim, (b) acknowledged his understanding at time of plea tender of the maximum penalty for the offenses charged, and (c) testified to his own, unspecified illness while incarcerated. In denying the motion, the trial court said, *inter alia:*

> I believe that the Court was extremely lenient in imposing the sentence. The sentence could have been double that for the assault charge and I think we suspended the sentence on another charge and I see no reasonable basis for the withdrawal of the plea. I am going to refuse the motion. (N.T., July 7, 1981, page 6).

Although we do not reach the merits of the trial court's disposition of the motion, we find the trial judge's remarks entirely consistent within a Rule 1410 context.

per. 267, 419 A.2d 765 (1980). *See also* Comment to Pa.R. Crim.P. 1410.[6]

■  As in *Wilkinson,* the record in the appeal now before us reflects that appellant was advised during the sentencing hearing of the time for filing an appeal. Since the appeal was not timely filed, we are without jurisdiction to entertain it.

Appeal quashed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I am unable to agree with the majority's determination that appellant's "Motion to Withdraw Plea of Guilty" was a motion to modify sentence. I should hold that the motion was a motion to withdraw the guilty plea. I should further hold that *Commonwealth v. Villaloz,* 303 Pa.Super. 518, 450 A.2d 47 (1982), was incorrectly decided, and that under Pa.R.A.P. 343 and Pa.R.A.P. 1701, appellant's notice of appeal was timely filed with respect to both challenges to the guilty plea and challenges to the sentence.

–1–

On June 5, 1981, three days after sentencing, appellant filed a motion entitled "Motion to Withdraw Plea of Guilty." In that motion appellant requested permission to withdraw his previously entered plea of guilty and further requested that the case be listed for trial. Appellant did not request that his sentence be modified.

On July 7, 1981, the trial court held a hearing on appellant's motion, at which appellant was the only witness. At the hearing appellant's attorney questioned appellant about his understanding at the time he pleaded guilty of the possibility that he could go to jail for up to 10 years. N.T.

**6.** "Under this rule, the mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both as to the merits of the case or as to the sentence) within that period."

4–5. The district attorney questioned appellant regarding the facts of the offense to which he had pleaded guilty. N.T. 5. At the conclusion of the hearing, the trial court found that appellant had not presented "any reasonable basis for allowing the withdrawal of the plea." N.T. 6. The court further noted that appellant had waited until after sentencing to challenge the guilty plea and that the sentence imposed was "extremely lenient." *Id.*

In concluding that appellant's motion was a motion to modify sentence, the majority relies on the fact that the only reason appellant set forth to support his request for permission to withdraw his plea was that the sentence imposed was "excessive and unwarranted." I agree that this is the only reason offered by appellant and that excessiveness of sentence does not alone amount to "prejudice on the order of manifest injustice [that] is required before withdrawal [of a guilty plea after sentencing] is properly justified." Majority Opinion at 3. However, a motion to withdraw a guilty plea is not any less a motion to withdraw a guilty plea because the reasons offered in the motion are legally insufficient to support it. The motion was entitled a motion to withdraw a guilty plea; withdrawal of the guilty plea was the only relief sought in the motion; the hearing held addressed only whether appellant was entitled to withdraw his guilty plea; and the trial court disposed of the motion on the basis that appellant had not established his entitlement to this relief. I should therefore hold that appellant timely filed a motion to withdraw his guilty plea and that the timeliness of his appeal must be determined on that basis.

–2–

As the majority notes, Majority Opinion at 2 n. 4, reargument before the court en banc was scheduled so that the court could consider the proper interpretation of Pa.R.A.P. 343 and whether *Commonwealth v. Villaloz, supra,* was properly decided. However, the majority, relying on its interpretation of appellant's motion to withdraw his guilty plea, now declines to undertake such consideration. I am

unable to follow the majority in this course of action since in my view, as I have explained, its interpretation of appellant's motion is contrary to the record.

Appellant appealed on July 22, 1981, within 30 days of the denial of his motion to withdraw his guilty plea (July 7, 1981). Appellant did not, however, appeal within 30 days of the imposition of sentence (June 2, 1981). On appeal, appellant challenges the validity of both his guilty plea and his sentence. In *Commonwealth v. Villaloz, supra,* a panel of this court was faced with the same situation. The panel considered only the appellant's challenge to the validity of his guilty plea, holding that by not appealing within 30 days from the imposition of sentence, he had waived any challenge to the validity of the sentence. The panel stated that Pa.R.A.P. 343 extends the time for appeal only with respect to challenges to the guilty plea. Thus, here, under *Villaloz* appellant's challenge to the sentence would be considered waived for failure to take a timely appeal. I believe that this court, sitting en banc, should hold that *Villaloz* was wrongly decided, and that under Pa.R.A.P. 343 and Pa.R.A.P. 1701 the time for taking an appeal, regardless of the issues raised, does not begin to run until the motion to withdraw the guilty plea is disposed of.

Pa.R.A.P. 343 provides:

If a timely motion has been filed pursuant to Rule 321 of the Pennsylvania Rules of Criminal Procedure (challenge to guilty plea), *any* appeal taken as of right shall be from the final order disposing of such motion. Such timely motion shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal), of an order expressly granting reconsideration of the *judgment previously entered* on the plea of guilty. (Emphasis added.)

The note to Rule 343 provides:

Pa.R.Crim.P. 321 provides a procedure whereby a timely motion challenging the validity of a plea of guilty, or the

denial of a motion to withdraw a plea of guilty, shall be heard by the lower court. In such event, *the time for filing an appeal from the judgment on the plea does not begin to run until such motion is decided* by the lower court.

In the event an appeal from the judgment on a plea of guilty has been filed before a timely motion under Pa.R. Crim.P. 321 has been made, the *filing of such motion* acts as an automatic grant of reconsideration under Rule 1701(b)(3) (authority of lower court or agency after appeal), so as to *render inoperative the prior appeal.* In such event, *an appeal could be filed anew after disposition of the Pa.R.Crim.P. 321 motion.*

(Emphasis added.)

The rule expressly provides that *any* appeal shall be taken from the order disposing of the motion to withdraw the guilty plea. The rule does not make any distinction between appeals challenging the guilty plea and appeals challenging the sentence. The rule further provides that a timely motion to withdraw the guilty plea shall have the effect under Rule 1701(b)(3) of an order expressly granting reconsideration of the judgment previously entered, *i.e.*, the judgment of sentence. Under Rule 1701(b)(3) a timely order granting reconsideration renders "inoperative" any notice of appeal "theretofore or thereafter filed" "with respect to the prior order," *i.e.*, the judgment of sentence.

Under the express terms of Rule 343 and Rule 1701(b)(3), therefore, any appeal must be taken from the order disposing of the motion to withdraw the guilty plea, and any notice of appeal filed before the motion is disposed of is rendered inoperative. The decision in *Villaloz* is therefore contrary to the express terms of the rules and should be overruled.

I should hold that appellant filed a timely motion to withdraw his guilty plea and that he timely appealed from the court's denial of the motion.