482 A.2d 651

**COMMONWEALTH of Pennsylvania**

v.

**Ronald McCLEARY, Appellant.**

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Sept. 28, 1984.

444

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Marilyn Woolery, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence entered May 4, 1982, and the order dated July 9, 1982, denying a motion for reconsideration of sentence in the Court of Common Pleas of Erie County, Pennsylvania. Appellant,

Ronald McCleary, was charged under two separate informations.[1] Pursuant to plea arrangements between appellant's trial counsel and the District Attorney's Office, appellant entered guilty pleas to two counts of burglary and to one count of robbery. Appellant was sentenced on the first burglary count to two to four years imprisonment, and to a concurrent sentence of two to four years for robbery. The court further sentenced appellant to a period of five years consecutive probation. Appellant was serving a ten-year probation from Allegheny County at the time of the within incidents.

Appellant contends that counsel provided ineffective assistance at the entry of the guilty plea as well as at reconsideration of sentence, and that the sentencing court abused its discretion in imposing an excessive sentence. These allegations are completely lacking in merit, however, the appeal is untimely; it will be quashed.[2]

The procedural facts are as follows: Appellant entered pleas of guilty on March 9, 1982. Sentence was imposed on May 4, 1982. On May 6, 1982, appellant filed an application to the court to reconsider his sentence. This application was denied on July 9, 1982. The present appeal was taken July 28, 1982.

■ The issue before us is whether a motion for reconsideration of sentence extends the 30-day appeal period.[3] This issue was recently addressed by this Court in *Commonwealth v. Hoskins*, 329 Pa.Super. 226, 478 A.2d 45 (1984), wherein we ruled that it does not. See *Commonwealth v. Villaloz*, 303 Pa.Super. 518, 450 A.2d 47 (1982); *Common-*

1. The first information, No. 39 of 1982, charged appellant with the crimes of burglary, robbery, theft by unlawful taking or disposition, crimes committed with a firearm, and recklessly endangering another person. The second information, No. 197 of 1982, charged appellant with burglary and theft by unlawful taking or disposition.

2. Our decision to quash this appeal does not affect the timeliness of raising ineffectiveness; this appeal proceeding will not serve as the earliest opportunity to raise ineffectiveness of prior counsel.

3. Pa.R.A.P. 903(a) states that the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."

*wealth v. Lee*, 278 Pa.Super. 609, 420 A.2d 708 (1980). When an appeal has been filed untimely, the defect is jurisdictional and may be raised by this Court *sua sponte.* Neither party here raised the issue of timeliness. *Commonwealth v. Katz*, 318 Pa.Super. 282, 286, 464 A.2d 1343, 1345 (1983).

■ Appellant did not file a timely notice of appeal within the 30-day period.[4] The notice of July 28, 1982 was filed beyond the permissible period as judgment of sentence was imposed on May 4, 1982. The fact that appellant filed the motion for reconsideration of sentence did not extend the time for taking an appeal. See *Commonwealth v. Jones*, 307 Pa.Super. 558, 453 A.2d 1028 (1982); *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978).

■ The general rule is that when a defendant appeals from a judgment of sentence, the time for appeal runs from the date the court imposes sentence, informs the defendant of his right to appeal within 30 days, and enters judgment on the docket. *Commonwealth v. Cavanaugh*, 500 Pa. 313, 315, 456 A.2d 145, 146 (1983). Our review of the sentencing proceedings reveals that when he was sentenced on May 4, 1982, appellant was advised of his right to appeal.[5] Also, judgment was entered on the docket.

---

4. The Comment to Pa.R.Crim.P. 1410 states that the mere filing of a motion for modification of sentence does not affect the running of the 30-day period for filing a timely notice of appeal. See *Commonwealth v. Leonard*, 308 Pa.Super. 292, 454 A.2d 136 (1982).

5. At the sentencing proceedings, Mr. Connelly, appearing for the Commonwealth, and Mr. McCleary, appellant, had the following exchange:

    CONNELLY: Mr. McCleary, even though you pled guilty, you have a right to appeal the guilty plea and the sentence of this Court, if you so desire, do you understand that, sir?

    McCLEARY: Yes.

    CONNELLY: If you wish to take an appeal to the Superior Court, you must do so by filing a notice of appeal with the Clerk of Courts Office within the Erie County Courthouse within 30 days of todays [sic] date. Should you fail to file the notice within the 30 days, you would waive, or give up your right of appeal, do you understand that, sir?

    McCLEARY: Yes, sir, I do.

For the foregoing reasons, the appeal was untimely filed. Appeal quashed.

CONNELLY: You, also, sir, have a right, if you wish, to challenge the entry of your plea of guilty. You may do so by making a written request to withdraw that plea of guilty within 10 days of today's date.... If you do not ... you would lose your right to have the plea withdrawn at a later time, do you understand that, sir?
McCLEARY: Yes sir, I do.
(N.T. May 4, 1982, pp. 2–3).