545 A.2d 1390

**COMMONWEALTH of Pennsylvania**

v.

**Thomas E. JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1988.

Filed Aug. 12, 1988.

Mark L. Newman, Assistant Public Defender, Strouds-
burg, for appellant.

James F. Marsh, District Attorney, Stroudsburg, for
Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence in which
the sole question for decision is whether the sentencing
court deprived appellant of a reconsideration of sentence.

Appellant Thomas E. Jones was arrested and charged on June 4, 1987 with criminal trespass and criminal mischief. On November 4, 1987, appellant entered a plea of guilty to criminal trespass and was sentenced on December 21, 1987 to term of imprisonment of one and one-half (1½) to three (3) years. Appellant filed on December 28, 1987 a timely motion to reconsider and modify sentence. The trial court scheduled a hearing on the motion for February 6, 1988.

■ Pennsylvania Rule of Criminal Procedure 1410 provides: "A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence." Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. Upon the issuance of an order by the sentencing court denying the motion, notice of appeal may be filed.[1] A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R. A.P., Rule 903(a), 42 Pa.C.S.A. However, "[t]he failure of the sentencing court to act within the thirty day appeal period will normally result in the loss of the court's jurisdiction to modify sentence, *and will have the same effect as a denial of the motion.*" Pa.R.Crim.P., Rule 1410, 42 Pa.C. S.A. comment (emphasis added). *See also* Pa.R.A.P., Rule 1701(a), 42 Pa.C.S.A. ("[A]fter an appeal is taken ... the trial court ... may no longer proceed further in the matter.").

1. The filing of a motion for modification of sentence does not extend the period for the filing of a notice of appeal. *Commonwealth v. Shurgalla,* 371 Pa.Super. 244, 537 A.2d 1390 (1988); *Commonwealth v. Quier,* 366 Pa.Super. 275, 531 A.2d 8 (1987); *Commonwealth v. McCleary,* 333 Pa.Super. 443, 482 A.2d 651 (1984); *Commonwealth v. Hoskins,* 329 Pa.Super. 226, 478 A.2d 45 (1984).

However, if the court vacates the prior judgment of sentence, either in connection with granting the motion for modification or in order to have additional time within which to consider the motion, such action would have the same effect as an express order granting reconsideration under Pa.R.A.P. 1701. Accordingly, the vacation of sentence within the thirty day period for appeal will render any notice of appeal (either as to the merits of the case or the sentence) inoperative, and the time for filing the notice of appeal will begin to run anew from the date of the decision on the motion, even if the decision ultimately amounts to a reimposition of the prior sentence. Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. comment.

In *Commonwealth v. Lee,* 278 Pa.Super. 609, 420 A.2d 708 (1980), the appellant filed a timely motion for reconsideration on March 23, 1979 and a hearing was scheduled for April 2, 1979. Subsequently, the hearing was continued until May 15, 1979 and the appellant filed a notice of appeal on April 18, 1979. The sentencing court issued an order on the following day cancelling the hearing. In considering the procedural propriety of the appeal, this Court discerned that "the failure of the trial court to vacate the sentence or take other action within the thirty-day appeal period and the filing of an appeal have the same effect as a denial of the motion." *Id.* 278 Pa.Super. at 612, 420 A.2d at 709. *See also Commonwealth v. Villaloz,* 303 Pa.Super. 518, 521, 450 A.2d 47, 48 (1982) ("The lower court's failure to act upon the petition within the thirty-day period has the same effect as a denial of the motion.").

In the matter *sub judice,* appellant surmised that the sentencing court would lose jurisdiction to reconsider the sentence when it set a hearing on the motion in excess of the thirty (30) day period of appeal. This deduction was correct in that the court's inaction effectively amounted to a denial of the motion. Although appellant properly and timely brought this appeal, he failed to preserve for our review any challenges on the merits to his sentence.[2] As a result, we are constrained to affirm the judgment of sentence.

2. In his motion to reconsider and modify sentence, appellant averred that his "small stature and lack of maturity ... would present a hardship for him in a state correctional facility." While we believe this claim amounts to an assertion that his sentence was excessive, appellant has neither defined this issue in his concise statement of matters complained of on appeal, Pa.R.A.P., Rule 1925(b), 42 Pa.C. S.A., nor included in his brief any argument as to this issue. This was unfortunate for, as we held in *Commonwealth v. Lee,* 278 Pa.Super. 609, 420 A.2d 708 (1980), where the trial court failed to act on the appellant's motion for reconsideration of sentence, "a proper motion raising the issue of the excessiveness of the sentence was filed and denied in the trial court ... [so that] the issue is properly preserved for review." *Id.* 278 Pa.Super. at 612, 420 A.2d at 709. In the case before us, appellant's failure to present his argument on the merits amounts to a waiver of this claim.