AMH - SAG - 9/13/2011

STATE OF MAINE

Sagadahoc, ss.

DAVE CORMIER,

    Petitioner,

v.            Docket No. SAGSC-AP-11-004

MARY MAYHEW, COMMISSIONER
STATE OF MAINE DEPARTMENT
OF HEALTH & HUMAN SERVICES

    Respondent

## RULE 80C DECISION AND ORDER

Petitioner, Dave Cormier, pursuant to M.R. Civ. P 80C, appeals from the denial of his request for a hearing to appeal a December 7, 2010 Order to Withhold and Deliver by the Maine Department of Health and Human Services.

*Background*

The Petitioner, Mr. Cormier, has been subject to a Maine Department of Health and Human Services ("DHHS") Child Support Order since October 23, 2008. Record #3, 4. This Child Support Order has subsequently been modified to reduce his weekly obligation. Record #3, 2. Regardless, Mr. Cormier was not current in his support obligations as of and prior to January 13, 2011. Record #3, 2. On December 7, 2010, the DHHS Division of Support Enforcement and Recovery ("Division") seized funds from Mr. Cormier's bank account pursuant to an Order to Withhold and Deliver. Record #1, 2. On December 23, 2010, Mr. Cormier submitted to the Division a notice of appeal and review affidavit. Record #1, 2. The review affidavit states:

> I believe the withholding limits in Chapter 6 Section 2 of the DHHS
> Child Support Manual apply to the funds withheld from by bank account
> on Dec. 7, 2010. All monies in my bank account are from my

1

employment. I have no other source of income. The Department is already withholding 55% of my income from my paycheck.

Record #1, 2.

The affidavit has an attachment in which Mr. Cormier also seeks (1) to have DHHS "set aside" its May 2010 order garnishing his bank account on the grounds that the money in that account was protected from attachment by 38 U.S.C. § 5301(a)(1) because it is a Veterans Administration Education Benefit and (2) to have DHHS "send a written statement to the Secretary of State that allows the Secretary of State to issue a temporary [driver's] license for 120 days" to alleviate the hardship imposed by his previous driver's license suspension for failure to pay the ordered child support. Record #1, 3.

On January 4, 2011, Kelly Dube, a Division Enforcement Agent filed an opposition to the request for a hearing with the Office of Administrative Hearings stating that Mr. Cormier had not stated grounds for an appeal because he did not deny that the money in the account belonged to him and did not deny that he owed support payments. Record #1, 1,2.

On January 10, 2010, James D. Bivins, Chief Administrative Hearing Officer, requested additional information from Ms. Dube regarding Mr. Cormier's request to "set aside" the May 2010 garnishment of his bank account. Record #2, 1. Ms. Dube responded on January 13, 2010 indicating that the nature of the issue was that Mr. Cormier claimed that this money was for educational purposes but that he did not pursue an appeal. Record #3, 2. Mr. Bivins provided Mr. Cormier an opportunity to respond to Ms. Dube's January 13th letter. Record #3, 1. Mr. Cormier responded but he failed to do so within the time frame provided by Mr. Bivins. Record #5, 1; #7, 1.

2

On February 8, 2010, Mr. Bivins denied Mr. Cormier's request for a hearing on the grounds that the December 23, 2010 request for hearing and review affidavit failed to state an acceptable ground for appeal, because Mr. Cormier's request referred to an inapplicable section of the DHHS Child Support Enforcement Manual, and because appeals from the May 2010 garnishment and a 2009 Decision After Hearing[1] were time barred. Record #5, 1.

On March 11, 2010, Mr. Cormier filed this petition to review the February 8, 2010 denial, pursuant to M.R. Civ. P. 80C. Specifically, he asks the court (1) to reverse the decision to garnish his Veterans Benefits in December 2010 or, in the alternative, to order DHHS to grant his request for a hearing on this issue, including consideration of the May 2010 garnishment, and (2) to order DHHS to grant his request for a hearing on the issue of whether the December 2010 garnishment exceeded the allowable amount to be collected from his income.

## Discussion

The court's power to review decisions of a state agency is confined to an examination of "whether the [agency] correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820. The court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S. §§ 11007(4)(C)(4)-(6) (2010).

---

[1] Although the denial letter refers to the April 23, 2009 Decision After Hearing, Mr. Cormier does not appear to have raised any issues related to this decision and the court does not considered it to be a part of this appeal.

Additionally, the court cannot substitute its judgment for that of the agency on questions of fact; that is, findings of fact must be affirmed unless clearly erroneous. 5 M.R.S. § 11007(3) (2010); *Green v. Comm'r of the Dep't of Mental Health, Mental Retardation & Substance Abuse Servs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615. "[U]nless the record before the [agency] compels a contrary result," the court will uphold the agency decision. *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Me. Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

1.    Denial of hearing to appeal the December 7, 2010 order to withhold and deliver was an error of law.

Mr. Bivins, the Chief Administrative Hearing Officer, denied Mr. Cormier's request for a hearing on the December 7, 2010 order on the grounds that Mr. Cormier failed to state an acceptable grounds for appeal, in part because of his erroneous citation to Chapter 6, section 2 of the DHHS Maine Child Support Enforcement Manual.

Although she was not the final decision maker, Ms. Dube, the Enforcement Agency, cited Mr. Cormier's failure to dispute the debt amount or ownership of the bank account as the reason he failed to state a reviewable issue. Regardless of the erroneous citation and Mr. Cormier's admissions as to the amount owed and ownership of the account, the Division could reasonably have interpreted Mr. Cormier's review affidavit to state excess withholding and exemption from attachment as the reviewable issue and, therefore, should have issued a notice of hearing without referring the matter to the Office of Administrative Hearings.

The DHHS Maine Child Support Enforcement Manual ("Manual"), 10-144 C.M.R. ch. 351 (2008), sets out the procedures by which DHHS administers its duties

4

regarding establishment and enforcement of child support orders. Chapter 12, entitled "Proceedings to Amend or Set Aside Administrative Decisions, Proceedings to Appeal Agency," lists the types of hearings that DHHS has the authority to hold, the steps a parent must take to obtain a hearing, and the issues that may be considered at a hearing.

DHHS may hold appeal hearings, amendment hearings, and hearings to set aside a default decision. 10-144 C.M.R. ch. 351, § 12.2(A). For a parent to request and obtain an administrative hearing the parent must serve the Division with a hearing request and an affidavit stating the grounds for review within thirty days of receiving notice of the agency action. 10-144 C.M.R. ch. 351, § 12.4; *see also*, 19-A M.R.S. § 2451 (2010).

If the Division finds that the review affidavit does not present a reviewable issue to the Division then the Division must refer the request to the Office of Administrative Hearings. 10-144 C.M.R. ch. 351, § 12.6(F)(1). "When determining whether a hearing request presents a reviewable issue, the Division shall issue the responsible parent a notice of hearing if the Division can *reasonably interpret* the responsible parent's hearing request and review affidavit to state a reviewable issue." *Id.* (emphasis added).

If the Division refers the matter for failure to state a reviewable issue, the Office of Administrative Hearings must then inform the claimant of his right to provide written reasons as to why a hearing is appropriate and must ultimately make the final determination as to whether or not a hearing is required. Rule VI(B)(4), Administrative Hearings Manual, 10-144 C.M.R. ch. 1 § VI(B)(4) (2008).

There are four issues that may be raised in an administrative hearing specifically appealing an order to withhold and deliver: whether the technical requirements of 19-A M.R.S. § 2358 have been met; whether the debt amount stated is correct; whether the responsible parent is receiving public assistance for the benefit of other children; and

5

whether the property subjected to the order is exempt from attachment. 10-144 C.M.R. ch. 351, § 12.7(H)(1)-(4). Mr. Cormier's request reasonably can be interpreted to raise the first and fourth issues.

Chapter 14 of the Manual provides general rules on the collection of support debt and section 14.2, entitled "Exempt Property," specifically denotes the percentage of weekly earnings that are subject to garnishment and the percentage that are not. Mr. Cormier's written statement ("All monies in my bank account are from my employment. I have no other source of income. The Department is already withholding 55% of my income from my paycheck.") invokes this provision.

The parent seeking to appeal a decision is not required to provide a citation to statutes or other authority supporting the reason for his or her request for a hearing and DHHS does not provide any legal support to the contrary. DHHS's argument that Mr. Cormier waived his income withholding limit argument because he failed to cite to 19-A M.R.S. § 2356 and 15 U.S.C. § 1673 in his review affidavit, Resp't Br. 8, would impose a greater burden than the law permits on Mr. Cormier and others in his position. His request states a reviewable ground, and the Department erred as a matter of law in failing to address it.

Mr. Cormier's admitted failure to make a timely response to the Administrative Hearing Officer's invitation to provide additional information is not a waiver, since his request, standing alone was sufficient to justify a hearing

DHHS argues that Mr. Cormier failed to preserve his right to a hearing on whether the December 7, 2010 attachment of his bank account violated 38 U.S.C. § 5301(A)(1) because the review affidavit only mentions this issue with regard to the May 2010 garnishment and because the statement "all monies in my bank account are from my employment" precludes Mr. Cormier's argument that some of the money was a

6

Veterans Administration Education Benefit. The court agrees with DHHS that this issue is not properly before the court for a factual determination with regard to whether Veterans Administration Education Benefits are exempt from attachment nor whether the property attached in this case actually consisted of Veterans Administration Education Benefits.

However, Mr. Cormier should not be precluded from raising this issue in an appeal hearing. Section 12.8 of the Manual states that the Department may consider issues that are not clearly set forth in the review affidavit as long as the parties have a reasonable opportunity to prepare arguments on that issue before the hearing. 10-144 C.M.R. ch. 351, § 12.8 (2008). Mr. Cormier sufficiently stated the income withholding limits as a proper ground for a hearing and the Department is plainly on notice of his intent to raise the benefits as an issue.

2.   The denial of hearing regarding the May 2010 garnishment was proper.

Mr. Cormier also seeks reversal of the May 2010 garnishment of his bank account, which he claims was improper because the account contained sums that were part of a Veterans Administration Education Benefit award, or in the alternative, requests a hearing on the issue pursuant to M.R. Civ. P. 60(b).

As cited above, to appeal a Division decision a petitioner must submit a request for an administrative review hearing supported by an affidavit stating the grounds for review within thirty days of receiving notice of the agency action. 10-144 C.M.R. ch. 351, § 12.4. Mr. Cormier admits that he failed to properly serve this request for the May 2010 order and that the time period for requesting such a hearing has passed. He asserts that the reason for this failure was that the Division "asserted that the Department had the authority to take monies contained in the Petitioner's accounts, without regard to the source or purpose of these funds." Pet'r Br. in Supp. 4. Despite

7

the untimeliness of his request, Mr. Cormier suggests (1) that the court can grant him relief from judgment under M.R. Civ. P. 60(b) such that he may now obtain a hearing on the issue and/or (2) that the Division has the authority to hold a hearing to "set aside" a decision pursuant to the Manual. Neither of these arguments offers Mr. Cormier the relief he seeks.

First, M.R. Civ. P. 60(b) only provides a mechanism for relief from judgments of the court, not from judgments or orders of administrative agencies. An appeal pursuant to the Maine Administrative Procedures Act, 5 M.R.S. §§ 11001 – 11008, and M.R. Civ. P. 80C, is the only mechanism for the court to review a final agency action or failure to act.

Second, although the Manual does provide the Division with the authority to "set aside" a decision, that authority is limited to decisions establishing a child support order where the parent failed to request or failed to attend a hearing. Mr. Cormier quotes section 12.2(D) of the Manual ("A hearing to set aside a default decision is a hearing on whether the Department must, for good cause shown, set aside an administrative decision and issue a new decision based on the evidence submitted at the hearing to set aside." Pet. Reply Br. 5.) as support for his argument that he is entitled to a set aside hearing because he has shown good cause for failing to request a hearing.

The terms "default decision" and "administrative decision" are terms of art, defined in chapter 2 of the Manual. "Administrative decision" means an administrative decision issued by the Department that establishes or modifies a responsible parent's child support obligation or which adjudicates an appeal of agency action. 10-144 C.M.R. ch. 351, § 2. A "default decision" is an administrative decision that establishes or modifies a child support obligation in a proceeding in which the responsible parent either did not request a hearing or did not appear at the hearing. *Id.* Consequently, the

8

authority to hold a hearing to set aside a decision is limited to those decisions establishing or modifying a support order made where the parent fails to attend the hearing or failed to request a hearing.

It does not provide DHHS the authority to hold hearings to set aside any decision upon a showing of good cause. Mr. Cormier's argument either fails to recognize or ignores the limitations imposed by the defined terms. Pursuant to the administrative regulations of DHHS, contained in the Manual, Mr. Cormier's only means of relief from the May 2010 order was an appeal.

*Conclusion*

DHHS made an error of law in denying the petitioner's request for hearing to appeal the December 7, 2010 Order to Withhold and Deliver because the petitioner did state the reviewable issue of exemption of a certain percentage of income, an issue that could be decided on appeal. Although the petitioner did not clearly state the legality of attaching Veterans Administration Education Benefits as an issue to be raised at the hearing, the court finds that it is a reviewable issue because it pertains to whether the property attached was exempt from attachment and that the petitioner should be able to raise it at the hearing. Therefore, the court REMANDS this case to DHHS and ORDERS it to hold a hearing on these two issues.

The petitioner is time barred from raising exemption issues regarding the May 2010 garnishment of his bank account because he failed to make a timely appeal of that agency decision. There is no mechanism for him to now seek review even if the reason for his failure to request a hearing was because of a misstatement or misrepresentation by the agency itself. The court AFFIRMS the agency's decision denying a hearing on this matter.

Although DHHS addresses Mr. Cormier's request for a temporary driver's license

9

in its brief, Mr. Cormier did not raise this issue in his petition for review and the court makes no determination on this issue.

IT IS HEREBY ORDERED:

1. Petitioner's appeal is sustained.

2. This matter is hereby remanded to the Maine Department of Health and Human Services, Office of Administrative Appeals, for proceedings consistent with this order.

3. This court does not retain jurisdiction over this matter pending remand, meaning that any appeal from any further order of the DHHS shall be taken as a new appeal under M.R. Civ. 80C and applicable statute.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this decision and order by reference in the docket.

Dated 13 September 2011

A. M. Horton
Justice, Superior Court

10