J-A11020-22

## 2022 PA Super 125

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARY HEYBOER (ESTATE OF MARY OLINDE HEYBOER) | : | No. 1418 EDA 2021 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-SA-0000040-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARY HEYBOER (ESTATE OF MARY OLINDE HEYBOER) | : | No. 1419 EDA 2021 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-SA-0000041-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARY HEYBOER (ESTATE OF MARY OLINDE HEYBOER) | : | No. 1420 EDA 2021 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-SA-0000042-2020

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY STABILE, J.: **FILED JULY 26, 2022**

Appellant, Mary Heyboer (now, the Estate of Mary Olinde Heyboer), appeals from the judgments entered in these consolidated cases on June 15, 2021, in the Court of Common Pleas of Monroe County, which granted the Motion to Dismiss filed by Appellee, the Commonwealth, and denied Appellant's Motion to Abate Summary Charges. Following review, we vacate the judgments against Appellant and direct that the charges against Appellant be abated.

In its Rule 1925(a) opinion, the trial court explained:

The matter concerns [Appellant's] appeal to the Pennsylvania Superior Court. After three Great Danes were seized from [Appellant] based upon a search warrant, six summary citations were filed against her for denying the dogs the necessary veterinary care and neglect of animals, 18 Pa.C.S.A. § 5532(a)(1), [3]. Following a summary trial, three of the citations pertaining to veterinary care were dismissed and [Appellant] was found guilty of the remaining citations related to neglect/cruelty to animals. [Appellant] then filed timely summary appeals pertaining to these convictions. On November 23, 2020, prior to a *de novo* trial, [Appellant] unexpectedly died. Thereafter, on February 5, 2021, the Commonwealth filed a Motion to Dismiss seeking to dismiss the summary appeals and requesting judgment of the issuing authority to be entered. On April 14, 2021, counsel for the now deceased [Appellant], filed a Motion to Abate Summary Charges on Appeal De Novo ("Motion"). [Appellant's] counsel suggests that the citations filed against [Appellant] should be dismissed in light of her death. On July 13, 2021, [Appellant's] counsel filed a Suggestion of Death.

On April 15, 2021, after hearing, this court took the matter under advisement. Thereafter, on June 11, 2021, we entered an order granting the Commonwealth's Motion to Dismiss and denied

- 2 -

[Appellant's] Motion.[1]  Pursuant to Pa.R.Crim.P. 462(D), we entered the judgments imposed by the issuing authority as follows: [restitution in the amount of $11,164.32 on docket No. 40 SA 2020 as well as fines and costs on all three dockets].

Trial Court Rule 1925(a) Opinion, 9/22/21, at 1-2 (unnumbered).

On appeal, Appellant asks us to consider eleven issues.  **See** Appellant's Brief at 7-8.  Because we find the first three issues to be interrelated and collectively dispositive of this appeal, we limit our discussion to those three issues, which Appellant presents as follows:

1. Did the trial court err in entering a judgment which reinstated the Magistrate's conviction, fine, costs, restitution and forfeiture pursuant to [Pa.R.Crim.P.] 462 where [Appellant] failed to appear for her summary appeal hearing because she had passed away after the summary appeals were filed?

---

[1] Following the April 15, 2021 hearing, no additional proceedings were conducted in open court.  Although the trial court states it entered its orders on June 11, 2021, the docket reflects that the orders were not served on the parties until June 15, 2021 (although the senior deputy clerk's sworn certificate indicates June 16, 2021).  While Pa.R.A.P. 301(a)(2) directs that "[i]n a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court," here, there was no sentence imposed in open court.  Further, "[t]he general rule is that when a defendant appeals from a judgment of sentence, the time for appeal runs from the date the court imposes sentence, informs the defendant of his right to appeal within 30 days, and enters judgment on the docket."  **Commonwealth v. McCleary**, 482 A.2d 651, 652 (Pa. Super. 1984).  Because sentence was not imposed in open court and Appellant was not even aware of the imposition of either a sentence or a right to appeal until the court's order was served on June 15, 2021, we reject the assertions by the trial court and by the Commonwealth that the notices of appeal filed on July 14, 2021 are untimely.  **See** Trial Court Rule 1925(a) Opinion, 9/22/21, at 2 (unnumbered) and Commonwealth Brief at 6.

2. In mistakenly applying a Rule 462 analysis, in the alternative, did the trial court err in refusing to hold a summary appeal hearing?

3. Did the trial court err in entering a judgment which reinstated the Magistrate's conviction, fine, costs, restitution and forfeiture and instead, refused to abate the charges against the deceased defendant[?]

Appellant's Brief at 7.

The trial court ordered entry of judgment against Appellant after granting the Commonwealth's motion to dismiss "[p]ursuant to Pa.R.Crim.P. 462(D)." Trial Court Rule 1925(a) Opinion, 9/22/21, at 2 (unnumbered). As this Court observed in **Commonwealth v. Dixon**, 66 A.3d 794 (Pa. Super. 2013), our standard of review from the grant of a motion to dismiss for failure to appear at a *de novo* hearing

is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. **Commonwealth v. Askins**, 761 A.2d 601, 603 (Pa. Super. 2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. **Id.** "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Commonwealth v. Diamond**, 945 A.2d 252, 258 (Pa. Super. 2008) (citation omitted).

Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction. That rule states, in pertinent part, the following:

**Rule 462. Trial *De Novo***

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other

- 4 -

papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

* * *

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

The Comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462, cmt. Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. ***See Commonwealth v. Akinsanmi***, 55 A.3d 539, 540–41 (Pa. Super. 2012). In the event that good cause is established, the defendant is entitled to a new summary trial. ***See*** [***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251, 253 (Pa. Super. 2002)]; ***Commonwealth v. Doleno***, 406 Pa. Super. 286, 594 A.2d 341, 343 (1991).

***Id.*** at 796.

Here, the trial court noted that "while the rule does not specify a procedure where a defendant is deceased, it is clear that it is within the discretion of the court to dismiss the summary appeal when a defendant fails to appear." Trial Court Rule 1925(a) Opinion, 9/22/21, at 3 (unnumbered). While we agree that it is within the court's discretion to dismiss a summary appeal when a defendant fails to appear, the comment to Rule 462 clearly

- 5 -

contemplates an exercise of that discretion only "when the judge determines that the defendant is absent without cause." Pa.R.Crim.P. 462(D), cmt.[2]

As this Court recognized in **Akinsanmi**,

> When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. **Commonwealth v. Slomnicki**, 773 A.2d 216, 218 (Pa. Commw. 2001). Conversely, when good cause for the absence is shown, a new trial should be granted. **See Marizzaldi**, 814 A.2d at 251, 253 (where appellant arrived ten minutes late due to missing bus and tardiness was not voluntary, appellant should have been given opportunity to present case); **Commonwealth v. Mesler**, 732 A.2d 21, 25 (Pa. Commw. 1999) (where appellant's counsel was present and represented that appellant was on [his] way, appeal should not have been dismissed); **Commonwealth v. Doleno**, 406 Pa. Super. 286, 594 A.2d 341, 343–44 (1991) (where appellant's attorney told appellant wrong date, absence was not voluntary; good cause shown).

**Id.**, 55 A.3d at 540-41.[3]

---

[2] In **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021), our Supreme Court reiterated that "we may consult the explanatory comment of the committee which worked on the rule in determining the proper construction and application thereof." **Id.** at 617 (citing **Commonwealth v. Lockridge**, 810 A.2d 1191, 1195 (Pa. 2002)).

[3] In contrast to the cases where good cause was recognized as requiring the grant of a new trial, the appellant in **Akinsanmi** "was attending a research conference. She does not explain why she did not seek a continuance given the scheduled conflict with her hearing. She does not offer any good cause for missing her hearing, other than being at a conference. This is not a good cause, an involuntary absence, or an unforeseen circumstance." **Id.**, 55 A.3d at 541. Therefore, we found no error in the trial court's dismissal of her case. **Id.** In accordance with Rule 462(D), it was appropriate in that instance to enter judgment in the court of common pleas on the judgment of the issuing authority.

While neither we nor the parties have come across any case law establishing that a defendant's death constitutes "good cause" sufficient to excuse an appearance at a trial *de novo*, common sense dictates that it does. Certainly, if missing a bus constitutes good cause to excuse an appearance, **Marizzaldi**, so does dying. We find the trial court erred in granting the Commonwealth's motion to dismiss pursuant to Pa.R.Crim.P. 462(D), *i.e.*, on the grounds that Appellant was absent from her trial *de novo* without cause. The judgments entered by the trial court therefore, must be vacated.

In the wake of vacating the judgments improperly entered, we next consider whether any further prosecution of the charges against Appellant is available or appropriate in the trial court. We conclude there is not.

Appellant was entitled to a *de novo* trial in accordance with Pa.R.Crim.P. 462(A). The trial court acknowledged, "I'm not a reviewing court." Notes of Testimony ("N.T."), 4/15/21, at 8. Nevertheless, by ordering that the judgment entered by the magisterial district judge ("MDJ") be entered as a judgment in the court of common pleas, the trial court in effect affirmed the order of the MDJ without giving Appellant the benefit of the trial *de novo* to which she was entitled. **See Commonwealth v. Krut**, 457 A.2d 114, 116 (Pa. Super. 1983) (when an appellant has perfected an appeal to the court of common pleas, the case must be retried as if the prior summary proceedings had not occurred, that is, *de novo*, as if it had not heard been before and as though no decision had been rendered previously.)

We recognize, as did the trial court, that there was discussion during the April 15, 2021 proceeding about holding a hearing without Appellant being present. Trial Court Rule 1925(a) Opinion, 9/22/21, at 4 (unnumbered) (citing N.T., 4/15/21, at 4). *See also* N.T., 4/15/21, at 4-5, 11-14. Relative to conducting a hearing without the deceased party present, our Supreme Court has addressed the merits of such a case in the context of a direct appeal. *See, e.g., Commonwealth v. Walker*, 288 A.2d 741 (Pa. 1972). However, *Walker* as well as *Commonwealth v. Beaudoin*, 182 A.3d 1009 (Pa. Super. 2018), and post-*Walker* cases cited in *Beaudoin*, *id.* at 1010, involved Pa.R.A.P. 502, which provides for procedures in the event "a party dies after a notice of appeal . . . is filed or while a matter is otherwise pending **in an appellate court**." Pa.R.A.P. 502(a) (emphasis added). In those cases, any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding could be fully reviewed and decided by the appellate process. *Walker*. In those cases a record of the trial proceedings was available for review making a defendant's appearance before the appellate court unnecessary. The same cannot be said here where Appellant possessed a constitutional and rule based right to be present for trial and perfected her appeal for a trial *de novo* before the common pleas court, but no trial was possible due to her subsequent death.

Prior to Appellant's death, she elected to appeal the decision of the MDJ, as authorized by our procedural rules. As a result, she was entitled to a trial *de novo* and the decision of the MDJ had no further force or effect. **See Krut, supra**. However, Appellant died before that trial could take place. As this Court noted in **Commonwealth v. Ressler**, 798 A.2d 221 (Pa. Super. 2002):

> It is axiomatic that a defendant has a constitutional right to be present during every stage of his criminal trial. **Commonwealth v. Rompilla**, 721 A.2d 786, 793 (Pa. 1998). **See** Pa. Const. art. I, § 9.2.[fn] This right is codified in Pennsylvania Rule of Criminal Procedure 602(A):
>
>> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict and the imposition of sentence.
>>
>>> [fn] "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; ..."

**Id.** at 223 (cleaned up).

In **Commonwealth v. DeCosta**, 197 A.3d 813 (Pa. Super. 2018), this Court elaborated on a defendant's constitutional right to be present, explaining:

> Under the constitutional standard, the right to be present at trial "is not guaranteed 'when presence would be useless, or the benefit but a shadow.' Due process only requires the defendant's presence 'to the extent that a fair and just hearing would be thwarted by his absence.'" **Commonwealth v. Williams**, 959

- 9 -

> A.2d 1272, 1281-82 (Pa. Super. 2008), ***aff'd***, 607 Pa. 597, 9 A.3d 613 (2010). As such, the constitutional rights at issue are circumscribed by a prejudice standard – a defendant must show that his absence from a trial proceeding could have undermined the fairness of the proceeding.
>
> However, Rule 602 provides for more protection than offered by either the United States or Pennsylvania Constitutions. Rule 602 dictates that a defendant "***shall*** be present at ***every stage*** of the trial ***including*** the impaneling of the jury and ***the return of the verdict***, . . . except as otherwise provided by ***this rule***." Pa.R.Crim.P. 602(A) (emphasis added). The only exception provided by Rule 602 is where the defendant is "absent without cause[.]" ***Id.***

***Id.*** at 816 (emphasis in original) (footnote omitted).

Therefore, we conclude that the trial court erred and manifestly abused its discretion by further denying Appellant's motion to abate charges. Because it was impossible for Appellant to be present at **trial**, to conduct further proceedings in her absence would be a violation of her rights under the Pennsylvania Constitution and under Rule 602(A). Therefore, we remand with instruction for the charges against Appellant to be abated. ***See Commonwealth v. Bizzaro***, 535 A.2d 1130, 1133 (Pa. 1987) (the difficulties attendant to the retrial of a defendant who is unable to be present to defend himself due to death requires a remand to the trial court for the entry of an order of abatement upon record certification of appellant's death.).

Orders reversed, judgments vacated, and charges abated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2022