419 A.2d 1172

**COMMONWEALTH of Pennsylvania**

v.

**Donald Chester MIKA, Appellant.***

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Oct. 3, 1980.

* *Editor's Note:* The opinion of the Supreme Court of Pennsylvania in *Pennsbury School District v. Commonwealth, Department of Education,* published in the advance sheets at this citation (419 A.2d 1172), was withdrawn from the bound volume and will be republished.

Joseph M. Gula, Greenville, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The appeal in this case is from the denial of Appellant's request for relief under the Post Conviction Hearing Act ("PCHA").[1] The Appellant sought the right to appeal *nunc pro tunc,* arguing that he had been the effective assistance to counsel, and that his rights to appeal had been obstructed by State officials.

The record shows that in September, 1975, the Appellant was convicted of four counts of arson following a trial before a jury. He was represented by privately retained trial counsel, who filed timely post–trial motions. Following the denial of such motions, the Appellant, still represented by the same private attorney, was sentenced on July 22, 1976 to four to ten years imprisonment. At the time of sentencing, Appellant was fully informed of his appeal rights, including a right to free counsel if he was unable to afford a private attorney.

1.  Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq., as amended. This Act is now implemented by Pa.R.Crim.Proc. 1501 through 1506, effective August 1, 1968.

By letter dated August 1, 1976, to the Mercer County Public Defender's Office, Appellant requested assistance, asserting he was unable to pay his private counsel for further representation. By return letter dated August 3, 1976, a member of the Mercer County Public Defender's Office responded to Appellant's inquiry. The Public Defender's letter provided Appellant with specific information regarding his then current status as well as his appeal and parole rights. With regard to parole rights, the letter specifically advised Appellant that he would be eligible for parole within seven to eight months, and that Appellant could be out of jail and on parole by March 9, 1977. The letter further detailed the time which might be reasonably expected to be consumed in the appeal process. Finally, the letter directed Appellant to complete an application, which was enclosed, if he desired representation.

The Appellant never applied for representation by the Public Defender's Office. Later during the same month, Appellant's trial counsel filed a petition for reconsideration of sentence. That petition was denied by the Mercer County Court of Common Pleas by an Order dated September 2, 1976. No direct appeal was ever filed on behalf of the Appellant.

The lower court held a hearing on Appellant's PCHA Petition. At the hearing, it was conceded by the Commonwealth that the August 3, 1976 letter from the Mercer County Public Defender's Office furnished Appellant with incorrect information regarding the date of his eligibility for parole. While Appellant was informed that he would be eligible for parole after serving one half of his minimum sentence, parole was not in fact available until he had completed serving his minimum sentence.[2] Appellant testified, without contradiction, that had he known that he would have had to serve his entire minimum sentence before being eligible for a release on parole, he would have exercised his right to appeal.

2. See the Act of August 6, 1941, P.L. 861, § 21, 61 P.S. § 331.21.

342

We believe that under the particular facts presented in this case, it is appropriate that Appellant be granted a right to file a direct appeal *nunc pro tunc.* It is well settled that a criminal defendant who deliberately and knowingly chooses to bypass the orderly state procedures afforded for challenging his conviction is bound by the consequences of that decision. *Commonwealth v. Wallace,* 427 Pa. 110, 233 A.2d 218 (1967); *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A.2d 805 (1965). Absent the showing of extraordinary circumstances, the failure to raise an issue cognizable on direct appeal raises at least a rebuttable presumption that such failure was knowing and understanding. *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). However, it is well established that a finding of waiver of appeal rights is not to be made lightly and every reasonable presumption against the waiver will be indulged. *Commonwealth ex rel. Edowski v. Maroney,* 423 Pa. 229, 223 A.2d 749 (1966); *Commonwealth v. Wallace,* 229 Pa.Super. 172, 323 A.2d 182 (1974). We believe that the particular facts of record in the instant case do present a showing of extraordinary circumstances, at least sufficient to create the doubt which convinces us that Appellant should have his direct appeal rights restored.

Appellant alleges both denial of effective counsel as well as obstruction of his appeal rights by state officials. We cannot accept Appellant's claim that he was not afforded effective counsel. The record shows that he never completed the application necessary to secure the representation of counsel through the Public Defender's Office. Therefore, the Public Defender of Mercer County never actually represented the Appellant. Moreover, the Appellant was represented by private counsel subsequent to the time he received an offer from the Public Defender's Office for representation. However, in the circumstances of this case, we do find arguable merit in the Appellant's claim that he was obstructed in his appeal rights by the action of State officials. It is clear that the Mercer County Public Defender's Office was created to fulfill the Commonwealth's obligation to

provide indigent defendants with meaningful representation at the trial and appellate stages of our judicial system. That office reviewed the Appellant's records and offered him a computation regarding his parole rights. There is simply no evidence in the record to rebut Appellant's claim that he failed to take action to have a direct appeal filed because he relied on such information as he received from the Public Defender's Office. In the absence of such contradictory evidence, the presumption against a waiver of appeal rights must be recognized.

The Commonwealth has cited *Commonwealth v. Brittingham*, 442 Pa. 241, 275 A.2d 83 (1971), to support its position that Appellant should be held to have waived his appeal rights. In that case, the Supreme Court refused to reinstate direct appeal rights to a defendant who was found to have chosen not to file a direct appeal so as not to *delay* the consideration of his application for parole by State authorities. While at first, that holding may appear to be directly applicable precedent in the instant case, a careful review shows a different factual context supporting the Supreme Court's decision in *Brittingham*. In that case the Court specifically discussed the fact that the defendant's choice not to appeal was a *well–considered* and *strategic* one, made after a full discussion of all consequences with counsel. No erroneous information concerning parole or any other fact tainted the defendant's knowing and intelligent waiver of his right to appeal. In the instant case, there is *no* evidence to indicate that the Appellant relied upon anything other than *incorrect* parole information, from a public office, in deciding not to pursue a timely direct appeal from the judgment of sentence. These facts mitigate against a finding of a knowing and intelligent waiver. *Brittingham* is clearly inapposite, and we will grant the Appellant herein the right to file a direct appeal *nunc pro tunc.*

The Order of the court below is reversed, and Appellant is granted leave to file a direct appeal *nunc pro tunc* with this Court within thirty (30) days of the date of this Opinion.