531 A.2d 8

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James QUIER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed Sept. 10, 1987.

Bruce W. Weida, Allentown, for appellant.

Emil W. Kantra, II, Assistant District Attorney, Allentown, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying appellant's Post-Conviction Hearing Act (PCHA) [1] petition following his

1. 42 Pa.C.S. § 9541, *et seq.*

guilty plea to third-degree murder, robbery and conspiracy. Appellant claims that trial counsel was ineffective: (1) for failing to advise him of the right to appeal the trial court's "implicit denial" of his motion in arrest of judgment and for failing to effect such an appeal; and (2) for failing to pursue appellant's petition for reconsideration of sentence and for failing to advise appellant of his right to appeal the sentence imposed by the trial court. Appellant asserts that because of counsel's ineffectiveness, appellate review of his sentence was effectively foreclosed. We agree with appellant that counsel's performance was deficient. We, consequently, have reviewed the attack on the sentence imposed and conclude that the claim is meritless. Accordingly, the judgment of sentence is affirmed.

In 1976, appellant was convicted by a jury of second-degree murder. Motions in arrest of judgment and for a new trial were timely filed and, by order dated March 7, 1978, the motion for a new trial was granted. That order, however, failed to mention and dispose of the motion in arrest of judgment. It is not questioned that appellant's trial counsel failed to advise the appellant of his right to appeal the "implicit denial" of that motion. Consequently, the appeal period expired on April 9, 1978, with no appeal having been taken.

Appellant's trial counsel was replaced by court order dated April 11, 1978. New counsel thereafter filed an appeal nunc pro tunc from the "denial" of appellant's motion in arrest of judgment. That appeal was denied by the Pennsylvania Supreme Court on May 10, 1978, after indicating that the order was interlocutory. It was understood that the appeal would be reviewed after a final order was entered by the trial court.

Thereafter, the Commonwealth and appellant entered into plea bargaining negotiations and, on June 7, 1978, a plea agreement was entered. An extensive guilty plea colloquy was conducted during which appellant agreed, *inter alia,* to withdraw his appeal to the Supreme Court. The court

accepted the plea of guilty to charges of third degree murder and robbery.

On October 9, 1978, appellant's counsel filed a petition for reconsideration of sentence claiming the sentence imposed was illegal. This petition was neither pursued nor withdrawn by appellant or his counsel. According to the record, the court never disposed of the motion. Subsequently, appellant filed a PCHA petition and a hearing on the matter was held on March 21, 1986. Following the denial of appellant's PCHA petition, this appeal was taken.

Appellant first contends trial counsel rendered ineffective assistance by failing to advise him of the right to appeal the trial court's "implicit denial" of the motion in arrest of judgment and for failing to effect such an appeal. The burden of proving trial counsel was ineffective falls upon the appellant. *Commonwealth v. Jones*, 298 Pa.Super. 199, 205, 444 A.2d 729, 732 (1982). Additionally, the law presumes that counsel is effective. *Commonwealth v. Norris*, 305 Pa.Super. 206, 210, 451 A.2d 494, 496 (1982).

Pennsylvania law regarding ineffective assistance of counsel is well documented. The process to be utilized is a three-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit. The second prong evaluates whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests, and the third prong requires the appellant to establish that the ineffectiveness so prejudiced his case that it is likely that the result would reasonably have been different absent the errors.

*Commonwealth v. Tyson*, 363 Pa.Super. 380, 383, 526 A.2d 395, 397 (1987), *citing Commonwealth v. Brandt*, 353 Pa. Super. 250, 509 A.2d 872 (1986). *See also Commonwealth v. Pierce*, 345 Pa.Super. 324, 498 A.2d 423 (1985), *aff'd*, 515 Pa. 153, 527 A.2d 973 (1987).

The PCHA court found that trial counsel had failed to advise appellant of his right to appeal the "implicit denial" of his motion in arrest of judgment. (Trial court

op., September 30, 1986, at 2). We agree with the PCHA court that the trial court's failure to dispose of the motion in arrest of judgment was, in effect, a denial of that motion. A denial of a motion in arrest of judgment is an appealable order. "Although the order appealed from is interlocutory, such an order is appealable when a new trial has been granted." *Commonwealth v. Harris*, 315 Pa.Super. 544, 547 n. 3, 462 A.2d 725, 727 n. 3 (1983). *See Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 107 (1977); Pa.R.A.P. 311(a)(5).

 Notwithstanding trial counsel's failure to properly advise appellant of his right to appeal or to effect such an appeal, appellant waived his appellate right by subsequently entering the guilty plea. A guilty plea can result in the waiver of certain rights. *Commonwealth v. Dosch*, 348 Pa.Super. 103, 501 A.2d 667 (1985). In *Dosch*, the plea agreement required the defendant to enter pleas of guilty to certain offenses and withdraw his pending post-trial motions in order to take advantage of specific sentence recommendations. The court found the agreement was not invalid because appellant's pleas of guilty were entered voluntarily with full understanding of the post-trial rights he was surrendering. *Id.* 348 Pa.Super. at 108, 501 A.2d at 670, *citing, Commonwealth v. Mika*, 277 Pa.Super. 339, 343, 419 A.2d 1172, 1174 (1980) (defendant may waive the right to appeal, provided such waiver is a "knowing and intelligent" act on the part of the defendant).

In the instant case, we have no doubt that appellant knowingly, voluntarily and intelligently waived his right to an appeal on the "implicit denial" of his motion in arrest of judgment. Appellant was provided with notice of his appeal rights along with notice of their subsequent waiver during the course of the guilty plea colloquy on June 12, 1978. An examination of the guilty plea transcript also supports such a finding. Appellant was asked if he understood that he would be withdrawing his appeal before the Supreme Court of Pennsylvania. (Notes of guilty plea colloquy, June 7, 1978, at 9). Appellant responded in the affirmative indicat-

ing that he knew his appeal rights would be waived by pleading guilty. *Id.*

Moreover, testimony from the PCHA hearing also indicates that appellant had been advised that he would lose his appeal rights as a result of his guilty plea. (Notes of PCHA hearing, March 21, 1986, at 37–38). Appellant's attorney, who had represented appellant at the guilty plea hearing, testified he told appellant that if the plea bargain agreement was accepted, any rights to pursue an appeal would be waived. *Id.* Given that the testimony from both the guilty plea colloquy and the PCHA hearing unquestionably supports the conclusion that appellant was aware he had waived his appellate rights, appellant's claim that trial counsel was ineffective is without merit.

Appellant next alleges that his trial counsel rendered ineffective assistance of counsel by failing to pursue a petition for reconsideration of the sentence imposed following his guilty plea and for failing either to advise appellant of his right to appeal the sentence imposed by the trial court or to pursue an appeal. To reiterate, following the plea agreement, appellant's counsel filed a petition for reconsideration of sentence.[2] A hearing had been scheduled but was continued due to the illness of appellant's counsel. No hearing ever took place on the petition for reconsideration and the matter remains unresolved to date. No appeal from the judgment of sentence was filed.

Initially, we note that failure of the trial court to dispose of the petition for reconsideration did not relieve defense counsel of the need to file a timely appeal.

> Failure of the lower court to act upon the petition for reconsideration within the thirty-day appeal period does not toll the thirty-day period within which an appeal from

---

2. One of the grounds in support of the petition for reconsideration was a claim that the murder and robbery charges merged for sentencing purposes. This claim would not entitle appellant to relief. Appellant pled guilty to third-degree murder, not felony murder. Under such circumstances, robbery is not a constituent offense of the murder. *Commonwealth v. Harper,* 346 Pa.Super. 105, 115, 499 A.2d 331, 337 (1985).

the judgment of sentence must be filed. The lower court's failure to act upon the petition within the thirty-day period has the same effect as a denial of the motion. *Commonwealth v. Villaloz,* 303 Pa.Super. 518, 521, 450 A.2d 47, 48 (1982), *citing, Commonwealth v. Lee,* 278 Pa.Super. 609, 612, 420 A.2d 708, 709 (1980). Also, the Comment to Rule 1410 states:

> Under this rule, the mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty-day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both of the case or as to the sentence) within that period.

Comment Pa.R.Crim.P. 1410. Despite the court's failure to act upon the petition for reconsideration, an appeal should have been filed within the thirty-day time period.

In the instant case, appellant claims that counsel rendered ineffective assistance by failing to pursue a petition for reconsideration of the sentence and for failing to advise him of the right to appeal the sentence. We agree. "An accused has an absolute right to appeal, Pa. Constitution, Article V, Section 9, and counsel can be faulted for allowing that right to be waived." *Commonwealth v. Wilkerson,* 490 Pa. 296, 299, 416 A.2d 477, 479 (1980). "This requirement that counsel protect the appellate right of an accused extends even to circumstances where the appeal is totally without merit." *Id.* 490 Pa. at 299, 416 A.2d at 479. When a defendant enters a plea of guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea. *Commonwealth v. Montgomery,* 485 Pa. 110, 113, 401 A.2d 318, 319 (1979), *citing, Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974). Failure to inform of appellate rights, even though counsel has a reasonable basis, however, is ineffective assistance of counsel because it negates the validity of the plea. *Commonwealth v. Johnson,* 339 Pa.Super. 296, 488 A.2d 1132 (1985).

Based upon the holding of *Johnson,* we are forced to conclude that trial counsel rendered ineffective assistance of counsel by failing to advise appellant of his right to file a

direct appeal from the judgment of sentence and to pursue a timely appeal. There is simply no evidence of record suggesting that appellant had voluntarily waived his right to appeal the judgment of sentence.

■ This Court has held that once a defendant has shown he was denied his appellate rights, relief must be granted in the form of an appeal nunc pro tunc. *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). Accordingly, because appellant was denied his constitutionally protected appellate rights, he is granted an appeal nunc pro tunc from the judgment of sentence imposed on September 28, 1978. We need not remand for a direct appeal, however, as we have a full and adequate record before us. *See, Commonwealth v. Johnson*, 339 Pa.Super. at 307, 488 A.2d at 1138. Rather, we will review this case as a direct appeal.

■ Turning to the merits of this appeal, appellant contends that his sentence was manifestly excessive and unfair in light of the sentences imposed on his co-conspirators.[3]

Sentencing is a matter within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986), *allocator denied*, 514 Pa. 624, 522 A.2d 49 (1987). When sentencing is exercised within statutory guidelines, the sentence will not be disturbed on appeal

**3.** In reviewing this matter as a direct appeal from the judgment of sentence, we are presented with a challenge to a discretionary aspect of the sentence. In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), our Supreme Court mandated that a party appealing the discretionary aspects of a sentence comply with the requirement of Pa.R.App.P. 2119(f) that he set forth a "concise statement of the reasons relied upon for allowance of appeal." The Court explained that this rule was promulgated to implement 42 Pa.C.S. § 9781(b), which provides that "[a]llowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." Appellant's brief does not contain the Rule 2119(f) statement. While this omission normally would preclude our review of appellant's excessiveness issue, *see Tuladziecki, supra*, we believe we may consider whether appellant's contention has "arguable merit" within the context of an ineffectiveness claim. *See Commonwealth v. Jones*, No. 2371 Philadelphia 1986, slip op. at 6 (Pa.Super. 7/15/87).

unless it is so excessive as to constitute an abuse of discretion. *Commonwealth v. Stafford,* 313 Pa.Super. 231, 459 A.2d 824 (1983). Nothing in the certified record indicates the sentences received by the other co-conspirators. The trial court noted, however, that one of appellants co-conspirators actually received a longer sentence. Hence, it appears that the sentence imposed on appellant was not unduly harsh. Moreover, the trial court found appellant's sentence was justified by his participation in the crime. *See Commonwealth v. Sinwell,* 311 Pa.Super. 419, 425, 457 A.2d 957, 960 (1983) ("A trial court is not bound to impose a like sentence on all participants of a crime."); *Commonwealth v. Burton,* 451 Pa. 12, 15, 301 A.2d 675, 677 (1973) (co-defendants are not required to receive equal sentences and the sentencing court may impose different sentences after considering all facts relating to each defendant). We find no error in this determination.

In conclusion, the sentence imposed on appellant was not manifestly excessive or unfair. Finding no merit in appellant's claim, the sentence imposed is affirmed. Order affirmed.