J. S93005/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　V.　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
OMAR RODRIGUEZ,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Appellant　　　　:　　No. 2382 EDA 2015
　　　　　　　　　　　　　　　　　　:

Appeal from the PCRA Order July 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004319-2009

BEFORE: DUBOW, SOLANO, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:　　　　　　　**FILED FEBRUARY 28, 2017**

Appellant, Omar Rodriguez, appeals from the July 10, 2015 Order entered in the Philadelphia County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm on the basis of the PCRA court's March 1, 2016 Opinion.

On September 22, 2010, Appellant entered a negotiated guilty plea to Third-Degree Murder[1] and Possession of an Instrument of Crime[2] after confessing to police officers that he killed a man by stabbing him over

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 907(a).

twenty times in the head and neck with a knife. On the same day, the trial court sentenced Appellant to an aggregate term of twenty to forty years' incarceration. Appellant did not appeal this sentence.

On September 22, 2011, Appellant filed the instant timely *pro se* PCRA Petition, his first, later amended by appointed counsel, alleging, *inter alia*, ineffective assistance of plea counsel.

After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on July 10, 2015. Appellant filed a timely Notice of Appeal.

Appellant presents the following issue for our review: "Whether trial counsel was ineffective for failing to fully explain the charges to which he was [*sic*] pleaded guilty to, the sentence that he would receive and other collateral effects of his plea." Appellant's Brief at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In the instant case, Appellant avers that plea counsel was ineffective. ***See*** Appellant's Brief at 5. This claim lacks merit.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002). Further,

"[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea." **Fears, supra** at 806-807 (citation omitted).

The Honorable Steven R. Geroff, sitting as both the trial court and the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's ineffectiveness claims. The record supports the PCRA court's findings and its Order is otherwise free of legal error. We affirm on the basis of the PCRA court's March 1, 2016 Opinion which concluded that the underlying claim is without merit because: (1) Appellant acknowledged on the record that he would receive twenty to forty years' incarceration as a result of his negotiated guilty plea; (2) Appellant acknowledged on the record that he was not induced or coerced into pleading guilty; (3) Appellant acknowledged on the record that he was satisfied with the representation of his attorney; and (4) the totality of the circumstances surrounding Appellant's plea demonstrate that it was knowingly and voluntarily entered. **See** PCRA Court Opinion, 3/1/16, at 2-4, 7-9.

The parties are instructed to attach a copy of the PCRA court's March 1, 2016 Opinion to all future filings.

Order affirmed.

J. S93005/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :  CP-51-CR-0004319-2009
:
:
:
:
v. :
:
:
:  SUPERIOR COURT
OMAR RODRIGUEZ :  NO. 2382 EDA 2015

OPINION

CP-51-CR-0004319-2009 Comm v Rodriguez, Omar
Opinion



7413574881

GEROFF, J.

**FILED**

**MAR - 1 2016**

Criminal Appeals Unit
First Judicial District of PA

MARCH 1, 2016

Petitioner Omar Rodriguez, by his attorney, Emily Beth Cherniack, Esquire, filed an appeal from this court's order dismissing his petition which sought relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*

## I. PROCEDURAL HISTORY

On September 22, 2010, Petitioner appeared before this court and entered a negotiated guilty plea to third-degree murder and possession of an instrument of crime. Evidence adduced

at the hearing established that at approximately 3:00 a.m. on December 15, 2008, Petitioner killed Heriberto Santiago by stabbing him repeatedly in the neck with an eight – ten inch knife until he died. On December 16, 2008, Petitioner, through a friend, contacted police and took police to Mr. Santiago's apartment where they found the body. Petitioner gave a statement to police confessing his responsibility for the murder. (N. T. 9/22/10, pp. 25-27, 39). Consequently, this court sentenced Petitioner to the negotiated plea of an aggregate term of twenty (20 to forty (40) years of imprisonment and $125.00 restitution.

On September 22, 2011, Petitioner filed a *pro se* motion for post-conviction collateral relief. Emily Beth Cherniack, Esquire, was appointed counsel on behalf of Petitioner. On February 28, 2013, Ms. Cherniack filed an amended petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* arguing that trial counsel was ineffective for failing to file a direct appeal. On October 1, 2014, Ms. Cherniack filed a supplemental amended petition claiming counsel was ineffective for failing to fully explain the charges to which Petitioner was pleading guilty, the sentence he would receive, and "other collateral effects of his plea." After conducting a review of the record, this court dismissed the petition on July 10, 2015.[1] A timely Notice of Appeal was filed.

## II. STANDARD OF REVIEW

In determining whether counsel rendered ineffective assistance, the court must use a three-pronged test. First, the court must ascertain whether the issue underlying the claim has arguable merit. This requirement is based upon the principle that counsel will not be found

---

[1] The dismissal occurred more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

2

ineffective for failing to pursue a frivolous claim or strategy. Second, if the petitioner's claim does have arguable merit, the court must determine whether the course chosen by counsel had some reasonable basis designed to serve the best interest of the petitioner. Finally, if a review of the record reveals that counsel was ineffective, the court must determine whether the petitioner has demonstrated that counsel's ineffectiveness worked to his prejudice. Commonwealth v. Stewart, 84 A.3d 701 (Pa. Super. 2013); Commonwealth v. Chmiel, 612 Pa. 333, 30 A.3d 1111 (2011). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Commonwealth v. Burkett, 5 A.3d 1260, 1272 (Pa. Super. 2010).

In order to establish prejudice, a petitioner must show that counsel's ineffectiveness was of such magnitude that the verdict essentially would have been different absent the ineffective assistance. Commonwealth v. Steele, 599 Pa. 341, 961 A.2d 786, 797 (2008). *See also* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a PCRA claim, petitioner must not only establish ineffective assistance of counsel, he must also plead and prove that counsel's stewardship so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. §9543 (a)(2)(ii); Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771 (1995); Commonwealth v. Rowe, 411 Pa. Super. 363, 601 A.2d 833 (1992).

Counsel is never ineffective for failing to make a frivolous objection or motion. Commonwealth v. Groff, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); Commonwealth v. Davis, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983). Similarly, counsel is never ineffective for failing to raise a frivolous issue in post-verdict motions or on appeal. Commonwealth v. Thuy, 424 Pa. Super. 482, 623 A.2d 327, 355 (1993); Commonwealth v. Tanner, 410 Pa. Super. 398, 600 A.2d 201, 206 (1991).

The law presumes that trial counsel was effective. <u>Commonwealth v. Quier</u>, 366 Pa. Super. 275, 531 A.2d 8, 9 (1987); <u>Commonwealth v. Norris</u>, 305 Pa. Super. 206, 451 A.2d 494, 496 (1982). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. <u>Commonwealth v. Cross</u>, 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied*, 115 S.Ct. 109, 130 L.Ed.2d 56 (Pa. 1994); <u>Commonwealth v. Marchesano</u>, 519 Pa. 1, 544 A.2d 1333, 1335-36 (1988); <u>Commonwealth v. Tavares</u>, 382 Pa. Super. 317, 555 A.2d 199, 210 (1989), *appeal denied*, 571 A.2d 382 (Pa. 1989).

The purpose of the Post-Conviction Relief Act is to afford collateral relief to those individuals convicted of crimes they did not commit and to those serving illegal sentences. 42 Pa.C.S. § 9542. Claims pursuant to the Post Conviction Relief Act are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims which are made at a later stage of the judicial proceedings. <u>Commonwealth v. Rivers</u>, 567 Pa. 239, 249, 786 A.2d 923, 929 (2001).

## III. DISCUSSION

It is well settled that upon entry of a guilty plea, a petitioner waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. <u>Commonwealth v. Guth</u>, 735 A.2d 709, 711 n.3 (Pa. Super. 1999). Review of guilty pleas under the Post Conviction Relief Act is commensurately circumscribed, explicitly permitting such a challenge only where the plea is "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii).

4

In order to prevail on an ineffectiveness claim, a petitioner must establish that his claim is of arguable merit, that counsel had no reasonable basis for his action, and that counsel's action prejudiced him. Commonwealth v. Pierce, 515 Pa. 153, 158, 527 A.2d 973, 975 (1987). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused petitioner to enter an involuntary or unknowing plea. Commonwealth v. Allen, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999).

When petitioning the court to withdraw a plea, a petitioner must show prejudice amounting to "manifest injustice." Commonwealth v. Carpenter, 555 Pa. 434, 725 A.2d 154,164 (1999). Manifest injustice requires a showing that the plea was made involuntarily or without knowledge of the charges, the right to a jury trial, and awareness of the consequences of the plea. Commonwealth v. Muhammad, 794 A.2d 378, 383 (Pa. Super. 2002). Where the record demonstrates that a guilty plea colloquy informed the petitioner of the nature of the charges against him, the voluntariness of the plea is established. A petitioner is bound by the statements of his plea, and he may not assert grounds for withdrawing the plea if they contradict those statements. Commonwealth v. Stork, 737 A.2d 789, 790-91 (Pa. Super. 1999).

Petitioner first argues that he was denied the effective assistance of counsel, as guaranteed by both the Pennsylvania Constitution and the United States Constitution because counsel failed to file a direct appeal. According to Petitioner, unidentified family member(s) requested that counsel file an appeal and counsel failed to do so.

The right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, Article V § 9. However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, a petitioner must prove that he requested an appeal and that counsel disregarded this request. Commonwealth v. Harmon, 738 Pa. Super. 1023 (Pa. Super. Ct. 1999);

5

Commonwealth v. Lehr, 400 Pa. Super. 514, 583 A.2d 1234, 1235 (1990). Mere allegation will not suffice; the burden is on petitioner to plead and prove that his request for an appeal was ignored or rejected by trial counsel. Harmon, *supra. citing* Commonwealth v. Collins, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); Commonwealth v. Fanase, 446 Pa. Super. 654, 667 A.2d 1166, 1169 (1995).

Here, Petitioner has failed to meet his burden. Since the inception of this case, the Commonwealth has repeatedly requested Petitioner or counsel to provide the name of the family member(s), the date(s), location(s), and/or means by which he and his family supposedly conveyed their requests to counsel, to no avail. As such, this is not a case that fits within the rule articulated in Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999). Within Lantzy, our Supreme Court held that counsel's unjustified failure to initiate a requested appeal is *per se* prejudicial for PCRA purposes. *See* id. at 572. Following Lantzy, however, the Supreme Court clarified that before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, appellant must prove that he requested an appeal and that counsel disregarded this request. Commonwealth v. Harmon, 738 A.2d 1023, 1024–1025 (Pa.Super.1999). Within this matter, nothing more than a mere allegation has been presented. Even though he bears the burden, nowhere in the PCRA petition, the amended petition, or the supplemental petition does Petitioner proffer, via affidavit or otherwise, witness certifications supporting his claim that trial counsel (Richard Schrading) was asked to file an appeal. Counsel cannot be deemed ineffective for failing to file an appeal which he was not asked to file. Therefore, the *per se* prejudice rule set for in Lantzy does not apply here and counsel was not ineffective for failing to file a direct appeal.

Next, Petitioner argues that counsel failed to inform him that he faced a minimum sentence of twenty (20) years of imprisonment, that he did not understand what he was pleading to, and "other collateral effects of his plea." This allegation must also fail.

His assertion that counsel failed to inform him that he faced a minimum sentence of twenty (20) years of imprisonment and that he did not understand what he was pleading to is belied by the record. The court informed Petitioner before he pled that he could receive twenty-two and one half to forty-five years of imprisonment and a $25,000 fine for third-degree murder and possession of an instrument of crime.[2] (N.T., 9/22/10, pp. 22-23). Petitioner acknowledged that he was to receive a negotiated sentence of twenty to forty years of incarceration as a result of his plea. *Id.* at 24. Petitioner acknowledged that he was satisfied with the representation of his lawyer. *Id.* at 16. Petitioner also acknowledged that no promises were made to him other than the terms negotiated and that no one induced him to plead against his wishes. *Id.* at 15. The facts were overwhelmingly sufficient to support the offenses to which Petitioner pled. *Id.* at 25-27, 38-39. Petitioner's own testimony revealed that he made a voluntary plea and was knowledgeable of the charge. As such, Petitioner has failed to demonstrate that counsel's actions redounded to his prejudice.

Moreover, insofar as Petitioner has failed to demonstrate that his plea was unlawfully induced, his assertion that counsel failed to explain "other collateral effects of his plea" is of no moment; having pled guilty to the charges against him, he has waived his right to impeach the witness' testimony or proffer mitigating circumstances.[3] Additionally, this court informed

---

[2] Petitioner was specifically informed that the maximum sentence for third-degree murder is 20-40 years of imprisonment and a $20,000.00 fine; and the maximum sentence for possession of an instrument of crime is two and a half to five years of imprisonment and a $5,000.00 fine. (N.T. 9/22/10, pp. 22-23).

[3] During the plea colloquy, the court informed Petitioner: "When you plead guilty, your right to file an appeal is limited to three grounds. The first is that your guilty plea was not made voluntarily. ... lack of jurisdiction of the court. ... legality of sentence." (N.T., 9/22/10, pp. 15-20).

7

Petitioner of the effects of a guilty plea if he was on probation or parole; and if he was not a citizen of the United States. *Id.* at 20-21). As previously stated, Petitioner is bound by the statements made at the plea colloquy, and he may not assert grounds for withdrawing the plea if they contradict those statements.

The totality of the circumstances surrounding Petitioner's plea demonstrates that a factual predicate for the plea was established, and that he entered his plea voluntarily with knowledge of its consequences. Only now after facing the sting of a jail sentence, Petitioner attempts to refute what he already knew by challenging the content of the colloquy. "Where the record establishes that the appellant had the requisite knowledge at the requisite time, we will not pretend the truth is otherwise." Commonwealth v. Yager, 454 Pa. Super. 428, 685 A.2d 1000, 1006 (1996). Finding that Petitioner's plea was knowingly and voluntarily entered, his allegation of counsel's ineffectiveness must fail. Allen, 557 Pa. at 144, 732 A.2d at 587 (claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea).

## IV. CONCLUSION

Petitioner's own testimony revealed that he made a voluntary plea and was knowledgeable of the charges. Petitioner's allegation that his plea was unlawfully induced is without merit. Only now after facing the sting of a jail sentence, Petitioner claims his plea was unknowingly entered because of the hope of a more lenient sentence. "Dashed desires do not equate to unlawful conduct and do not merit appellate relief." Commonwealth v. Patterson, 690 A.2d 250, 253 (1996). Petitioner is bound by the statements at his plea colloquy, and he may not

assert grounds for withdrawing the plea if they contradict those statements.

Accordingly, for the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT,

_____
STEVEN R. GEROFF, J.