J-S68019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY COLLINS | : | |
| | : | |
| Appellant | : | No. 234 WDA 2018 |

Appeal from the PCRA Order January 24, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016616-2014

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: FILED MARCH 28, 2019

Appellant, Terry Collins, appeals from the Order dismissing without a hearing his first Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541-46 ("PCRA"). After careful review, we remand for the PCRA court to hold an evidentiary hearing on the claims raised before the PCRA court. In addition, we direct the PCRA court to appoint PCRA counsel who is not currently, and was not at the time of the trial and/or appeal, associated with the Allegheny County Office of Conflict Counsel, unless the attorney who works or worked for the Office of Conflict Counsel can demonstrate that Appellant has waived the conflict.[1]

_____

[1] We note that this Court initially filed a Memorandum on February 19, 2019, to which the Commonwealth filed a Motion for Clarification on February 26, 2019. We granted the Motion, and file this Memorandum clarifying our direction for the appointment of counsel and noting that Jacob McCrea was

_____

* Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows. After a trial, at which the Hon. Donna Jo McDaniel presided and Appellant was represented by Brandon Herring, Esq., of the Allegheny County Office of Conflict Counsel,[2] a jury found Appellant guilty of one count each of Aggravated Assault and Endangering the Welfare of a Child ("EWOC") in connection with physical abuse of his five-year-old autistic daughter for whom he was the primary caregiver.[3] Prior to sentencing, Judge McDaniel granted Appellant's Motion for the Appointment of an Expert to conduct a psychological evaluation and prepare a report to assist in the sentencing decision.

The court thereafter sentenced Appellant to a term of 8 to 16 years' incarceration, opining that Appellant had shown little remorse or concern for the child while informing the court about the steps he has taken and the education he has received regarding parenting since being incarcerated. See Sentencing Transcript, 2/4/16, at 19-20.

_____

associated with the Office of Conflict Counsel at the time trial and appellate counsel represented Appellant, i.e., in 2016.

[2] The court appointed the Office of Conflict Counsel to represent Appellant after the victim's mother obtained the services of the Public Defender. The victim's mother ultimately pled guilty.

[3] The Commonwealth proved that the victim had ligature marks on her wrists and ankles due to the use of restraints. The victim also had signs of scalding on her backside, but the jury acquitted Appellant of the crime charged in connection with that injury.

However, after consideration of Appellant's Post-Sentence Motion challenging the legality of the sentence because it exceeded the statutory limits, Judge McDaniel granted the motion and resentenced Appellant on the Aggravated Assault conviction to a term of 5 to 10 years' incarceration.[4]  See Sentencing Transcript, 3/3/16, at 4.  She did not provide an explanation on the record at the resentencing hearing for imposing a sentence beyond the aggravated range of the sentencing guidelines.

With Judge McDaniel's permission, Appellant filed an amended Post-Sentence Motion challenging the discretionary aspects of the new sentence by averring that the court failed to apply properly the mitigating factors pertaining to Appellant's mental illnesses as set forth in the expert's report, and imposed an excessive sentence outside the guidelines.[5]  The court denied the Motion.

_____

[4] Judge McDaniel imposed no further penalty on the EWOC conviction.  The sentencing worksheet indicates defendant has a prior record score (hereinafter "PRS") of zero and an OGS of 7.  The applicable statute provides for 5 to 10 years' incarceration.  See 18 Pa.C.S. § 1103(2). The sentencing worksheet indicates that the sentencing guidelines call for a mitigated range of restorative sanctions, a standard sentencing range of 6-14 months, and an aggravated range of 20 months. The court sentenced Appellant to a minimum term of 60 months' incarceration that, although falling within the statutory limits, is well above the aggravated range of the sentencing guidelines.

[5] In this Post-Sentence Motion, Attorney Herring noted that the expert report opined that Appellant has numerous mental illnesses, including schizophrenia, other mental health problems, and an IQ of 86.  See Amended Post-Sentence Motion, filed 4/25/16, at  5-6.

Attorney Herring filed a timely direct appeal on Appellant's behalf. On December 12, 2016, Lisa C. Leake, Esq., also of the Office of Conflict Counsel, filed a Praecipe with this Court to withdraw Appellant's direct appeal. In a letter to Appellant dated the same day, Ms. Leake explained that because the claims he communicated to her during a telephone conversation all involved issues related to trial counsel's stewardship, Appellant agreed that he should withdraw the appeal and proceed under the PCRA. The letter acknowledged the issues that she would have raised in the direct appeal, including the challenge to the discretionary aspects of sentence. See Exh. 1 annexed to Attorney Scott Coffey's Motion to Withdraw and Turner/Finley[6] Letter, dated 11/30/17.

On October 20, 2017, Appellant filed a timely pro se PCRA Petition averring that both trial and appellate counsel provided ineffective assistance. Relevant to this appeal, Appellant raised the following error in his Petition: "Appeal counsel rendered ineffective counsel where she filed a direct appeal and failed to follow through with it violating defendant's due process." See PCRA Petition, filed 10/20/17, at 4.

Judge McDaniel, sitting as the PCRA Court, appointed Scott Coffey, Esq., as PCRA counsel. Mr. Coffey filed a Motion to Withdraw and a Turner/Finley letter. Annexed to his Turner/Finley letter was a copy of the letter from

_____

[6] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Attorney Leake addressed to Appellant regarding Appellant's decision to withdraw the direct appeal.

On December 12, 2017, the PCRA court filed an Order (1) granting Mr. Coffey's Motion to Withdraw, and (2) notifying Appellant of its intent to dismiss Appellant's Petition without a hearing.

Appellant filed a pro se response to the court's Order, expanding on the issue Mr. Coffey noted in his Turner/Finley letter, stating that Appellant "was ill-advised that sentencing issues could also be raised on P.C.R.A. Petition (Petitioner's understanding when he affirmed of discontinuing (ending) the Appeal.)." Reply in Opposition to Notice of Intention to Dismiss, filed 1/5/18, at 2. Appellant asserted that he "misinterpreted Mrs. Lisa Leake when she relayed Petitioner's claim(s) can only be heard on a P.C.R.A. petition, so confused Petitioner under advisement withdrew his Appeal." Id. Appellant also requested the appointment of new counsel.

On January 24, 2018, the court dismissed the PCRA Petition without a hearing. Appellant timely appealed pro se and filed a Pa.R.A.P. 1925(a) Statement as ordered by the PCRA court.

The Superior Court then remanded to the PCRA court, directing that court to determine whether Appellant was entitled to court-appointed counsel in his PCRA appeal.

In response, on March 27, 2018, Judge McDaniel appointed Jacob McCrea, Esq., and directed counsel to file an amended Rule 1925(b)

Statement. Mr. McCrea complied,[7] and the PCRA court filed a Rule 1925(a) Opinion.

Appellant raises the following issue on appeal:

Whether the trial court erred in dismissing [Appellant's] PCRA Petition without a hearing to determine whether his decision to withdraw his direct appeal was knowing, intelligent and voluntary?

Appellant's Brief at 4.[8]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014).

The PCRA Court has the discretion to dismiss a Petition without a hearing if the court is satisfied, after thoroughly reviewing the Petition, the Answer and any other relevant information of record, "that [1] there are no genuine issues concerning any material fact, [2] the defendant is not entitled to post-conviction collateral relief, and [3] no legitimate purpose would be served by further proceedings." Commonwealth v. Roney, 79 A.3d 595, 604 (Pa.

_____

[7] In the amended Rule 1925(b) Statement, Appellant averred that the trial court erred in dismissing his PCRA Petition without a hearing because his assertion—that appellate counsel's improper advice regarding discontinuing his appeal resulted in an unknowing waiver of his appeal rights—raised a genuine issue of material fact. See Pa.R.A.P. 1925(b) Statement, dated 5/29/18, at 3 (unpaginated).

[8] Appellant did not seek the reinstatement of his appeal rights nunc pro tunc in his PCRA Petition.

2013) (citation omitted); Pa.R.Crim.P. 907(1). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Roney, supra at 604-05. (citation omitted).

Here, Appellant avers that the genuine issue of material fact he raised before the PCRA court is that appellate counsel gave him improper advice that resulted in him unknowingly waiving his right to seek review of the discretionary aspects of his sentence. See Appellant's Brief at 20.[9] In order to succeed on an ineffectiveness claim, a petitioner must prove: "(1) [ ] the underlying claim is of arguable merit; (2) [ ] counsel had no reasonable strategic basis for his or her action or inaction; and (3) [ ] but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Hull, 982 A.2d 1020, 1022–23 (Pa. Super. 2009). "The failure to satisfy any prong of this test will cause the entire claim to fail." Id. at 1023. "Finally, counsel is presumed to be effective, and petitioner has the burden of proving otherwise." Id.

_____

[9] A claim challenging the discretionary aspects of sentence is not cognizable under the PCRA. See 42 Pa.C.S. § 9543(a)(2) (eligibility for relief under the PCRA); Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa.Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.").

Here, the PCRA court concluded that the underlying issue was without merit after quoting the following letter from appellate counsel to Appellant:

Dear Mr. Collins,

As we discussed during our telephone call on Friday, I have discontinued your appeal at your wishes so that you may proceed to the post-conviction relief stage. As I explained, the direct appeal stage would allow you to challenge legal errors that occurred during the trial. This means that we would have argued that the trial judge misapplied the law when she made decisions in your case. The issues that we would have raised are: 1. Sufficiency of the evidence (we would have argued that the Commonwealth was not able to introduce proof of each element of each charge), 2. The weight of the evidence (we would have argued that the jury improperly gave some evidence either too much or not enough consideration), 3. The Court's failure to grant a mistrial after the assistant district attorney accused you of lying, and 4. That the discretionary aspects of sentence (we would have argued that the judge sentenced you too harshly). [sic] During our phone conversation, we discussed the arguments that we would make and the likelihood of success.

You informed me that the issues you wish to raise relate to the trial strategy. That is, you want to challenge the things that your trial attorney either did or didn't do, that you did not agree with. Accordingly, I informed you that the proper way to raise these claims was after the direct appeal in a petition for post-conviction relief. You informed me that you wanted to raise these issues now, rather than wait until after the direct appeal. You also agreed that the chances of success on direct appeal are low. I advised your [sic] that withdrawing your appeal and proceeding directly to the post-conviction stage would be in the best way to accomplish your goals. You informed me that you understood all of this. In accordance with your directions, I did file a petition to withdraw your appeal. The Pennsylvania Superior Court will therefore stop your appeal and withdraw my appearance.

In order to move forward with your petition for post-conviction relief, you will need to get a form from your counselor if you have not done that already. Fill that out and mail it to Judge McDaniel as soon as possible.

I wish you the best of luck in the future!

> Sincerely,
>
> s/Lisa C. Leake, Esquire.

PCRA Ct. Op., 7/17/18, at 4-5 (quoting Exh. 1, Turner/Finley no-Merit Letter filed 11/30/17 by Scott Coffey, Esq.).

Based on this letter, the PCRA court concluded that "there was no genuine issue of material fact as to whether the discontinuance was knowing, voluntary and intelligent and as such, no hearing on the issue was required." PCRA Ct. Op. at 5. The PCRA court emphasized that the "record reflects" that Appellant "was counseled regarding a low chance of success on his direct appeal issues and wanted to proceed directly to a challenge of trial counsel's ineffectiveness." Id. The court also noted that the "record [ ] reflects that the decision to discontinue the appeal was the [Appellant's] and was done with his knowledge and consent [as] reflected by the over-10-month absence of any activity from the time of the discontinuance until the pro se PCRA Petition was filed." Id. The court concluded that Appellant's delay of 10 months "reflects an absence of a genuine issue of material fact regarding [the] voluntariness [of the discontinuance of the appeal.]." Id.

"[I]t is well established that a finding of waiver of appeal rights is not to be made lightly and every reasonable presumption against the waiver will be indulged." Commonwealth v. Mika, 419 A.2d 1172, 1173 (Pa. Super. 1980) (citation omitted). Appellant avers here that he unknowingly waived his

challenge to the discretionary aspects of sentence. A challenge to the discretionary aspects of sentence is not appealable as of right. Commonwealth v. Darden, 531 A.2d 1144, 1146 (Pa. Super. 1987). Accordingly, Appellant waived his right to request allowance of appeal based on the discretionary aspects of his sentence because challenges to the discretionary aspects of sentence are not cognizable under the PCRA. Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa. Super. 2007).

Our review indicates that the PCRA court failed to address the actual issue Appellant raised in his Petition and detailed in his Response to Attorney Coffey's Turner/Finley letter and the court's Rule 907 Notice. The letter from appellate counsel to Appellant regarding the discontinuance of the appeal does not indicate that counsel informed Appellant that by discontinuing the appeal, he forever lost his right to seek allowance of appeal to raise his discretionary aspect of sentence claim. The PCRA court's opinion fails to acknowledge this omission.

Moreover, in light of the trial court's summary denial of Appellant's Post-Sentence Motion, in which Appellant challenged the sentence as significantly outside of the guidelines and excessive in light of meaningful mitigating evidence, his averment that counsel failed to inform him of the claim's waiver raised a genuine issue of material fact that warrants a hearing.

Accordingly, we vacate the Order dismissing the Petition and remand for an evidentiary hearing on the issues Appellant raised in his pro se Petition and

his response to counsel's Turner/Finley letter and to the court's notice of its intent to dismiss without a hearing.

In addition, we are concerned by the PCRA court's appointment on the prior remand by this Court of an attorney to represent Appellant in the appeal of his ineffectiveness claim who, at the time of the trial and the appeal, worked with the same organization with which the allegedly ineffective trial and appellate counsel were associated. See Letter dated December 12, 2016 from Lisa C. Leake, Esq., to Appellant (where the masthead indicates that Brandon Herring, Esq. (trial counsel), Lisa C. Leake, Esq. (appellate counsel), and Jacob McCrea, Esq. (PCRA Counsel) were all Associate Counsel at the Allegheny County Office of Conflict Counsel). Thus, in an abundance of caution, we direct the court to appoint new counsel that is not and was not associated with the Allegheny Office of Conflicts Counsel to represent Appellant in these further proceedings, unless the attorney who works or worked for the Office of Conflict Counsel can demonstrate that Appellant has waived the conflict.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2019

- 11 -